1   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    Ernest Slome, SB# 122419
2   Garth N. Ward, SB# 202965
    550 West C Street, Suite 800
3   San Diego, CA 92101
    Telephone: (619) 233-1006
4   Facsimile: (619) 233-8627

5   **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    William John Rea, Jr., SB# 82581
6   221 North Figueroa Street, Suite 1200
    Los Angeles, CA 90012
7   Telephone: (213) 250-1800
    Facsimile: (213) 250-7900

8

9   Attorneys for Defendants CRUSADER INSURANCE COMPANY and LEWIS BRISBOIS
    BISGAARD & SMITH, LLP

10

11                    UNITED STATES DISTRICT COURT

12                        SOUTHERN DISTRICT

13  DOUGLAS J. CRAWFORD,                )  CASE NO. 10CV208-JM(BLM)
                                        )
14            Plaintiff,                )  **DEFENDANTS' NOTICE OF REMOVAL**
                                        )  **OF ACTION UNDER 28 U.S.C. § 1441 (b)**
15       -v.                            )  **TO CLERK OF THE DISTRICT COURT**
                                        )
16  WILLIAM J. REA, JR., TIMOTHY J.     )  ACTION FILED: December 23, 2009
    VANDEN HEUVEL, KNOX ATTORNEY        )
17  SERVICE, CARY R. BOND, R. GAYLORD   )
    SMITH, DIDIER F. JANTZ, JAMES SPEIDEL )
18  KEARNY MESA TOWING, INC., CARY      )
    CHELDIN, J. JOHN DI NAPOLI, CHANCE  )
19  WHITMAN, CRUSADER INSURANCE,        )
    KEARNY MESA TOWING, INC., ERIC      )
20  THOMAS, GARTH WARD, ROBERT G.       )
    BERNSTEIN, LISA W. COONEY, JANELLE  )
21  F. GARCHIE, PETER L. GARCHIE, JILL  )
    GRATHWOHL, CHARLES S. HAUGHEY,      )
22  JR., DOUGLAS W. LEWIS, CRAIG T.     )
    MANN, GARRY MCCARTHY, JEFFREY A.    )
23  MILLER, MARILYN R. MORIARTY,        )
    RUSSELL M. MORTYN, ANTHONY R.       )
24  MOYA, BRIAN A. RAWERS, LISA L.      )
    RICKSECKER, ERNEST SLOME, STEPHEN   )
25  SMITH, RUBEN TARANGO, NANCY         )
    VAUGHAN, JAMES J. WALLACE, II,      )
26  TIMOTHY WATSON, WILLIAM ARCHER,     )
    LANE J. ASHLEY, SANFORD ASTOR, JOHN )
27  L. BARBER, RAYMOND R. BARRERA.      )
    DANIEL G. BATH, LEO A. BAUTISTA,    )
28  PAUL J. BECK, BARTLEY L. BECKER,    )

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-4318-5669.1                    -1-
─────────────────────────────────────────────
       NOTICE OF REMOVAL OF ACTION TO CLERK OF COURT

1 | WESLEY G. BEVERLIN, CHRISTOPHER R.  )
2 | BISGAARD, BRUCE S. BOLGER, ROY M.  )
   | BRISBOIS, GORDON J. CALHOUN, JOSEPH )
3 | C. CAMPO, FRANK CANNIZZARO, RAND  )
   | D. CARSTENS, ERIC CASTRO, CAROLINE  )
4 | F. CHAN, JASON R. CHERMELA, JEFFREY )
   | J. CHRISTOVICH, TRACY WEI  )
5 | CONSTANTINO, DANIEL C. DE CARLO,  )
   | MICHAEL A. DEMBICER, JULIE M. DE  )
6 | ROSE, ROBERT L. DE STEFANO, KHUONG )
   | T. DO, CRAIG DUNKIN, KEVIN L. ENG,  )
7 | ERIC J. ERICKSON, DANIEL C. FAUSTINO, )
   | KENNETH C. FELDMAN, MITCHELL L.  )
8 | FENTON, MANUAL FLORES, DAWN M.  )
   | FLORES-OSTER, PATRICK J. FOLEY,  )
9 | DONALD G. FORGEY, DANA A. FOX,  )
   | JAMES D. FRASER, NINA D. FROESCHLE,  )
10 | JERRY GARCIA, STEVEN G. GATLEY,  )
   | JUDD A. GILEFSKY, AMY L. GOLDMAN,  )
11 | SARAH K. GOLDSTEIN, JOHN A.  )
   | GRANIEZ, TIMOTHY R. GRAVES, VICKI  )
12 | GRECO, CHRISTOPHER J. GREENLEAF,  )
   | PAULA C. GREENSPAN, LAWRENCE N.  )
13 | HALPERIN, MINA I. HAMILTON HELLER- )
   | ANN HANCOCK, JORDAN E. HARRIMAN,  )
14 | JAMES P. HART, RYAN D. HARVEY,  )
   | KRISTI K. HEDRICK, JOSEPH K.  )
15 | HEGEDUS, CHRISTINE M. HENRICKS,  )
   | STEPHEN K. HIURA, JON F. HOKANSON,  )
16 | DANIEL V. HYDE, LAURA E. INLOW,  )
   | DOUGLAS R. IRVINE, PAULA A.  )
17 | JOHNSON, RAIMO H. KAASIK, BARRY G.  )
   | KAIMAN, JON P. KARDASSIAKIS, DENNIS )
18 | KASPER, AREZOU, KHONSARI, THOMAS  )
   | S. KIDDE, CATHERINE B. KIM, LYNDA J.  )
19 | KIM, ERIC KIZIRIAN, ELISE D. KLEIN,  )
   | STEPHEN V. KOVARIK, BRAD D.  )
20 | KRASNOFF, GERALD A. LAFOND, JR., JAY )
   | B. LAKE, LINDA M. LASLEY, ALISHA M.  )
21 | LEE, SCOTT LEE, ROBERT F. LEWIS,  )
   | STEVEN R. LEWIS, SCOTT LICHTIG,  )
22 | DAVID E. LONG, KARL R. LOUREIRO,  )
   | MARY C. LOUREIRO, JANA I. LUBERT,  )
23 | GREGORY C. LYNCH, CHRISTINA M. MAC)
   | NEIL, MICHAEL B. MAGLOFF, DAVID N.  )
24 | MAKOUS, DICK MARSH, MIKE  )
   | MARTINEZ, RAUL L. MARTINEZ,  )
25 | MALISSA H. MCKEITH, MICHAEL A. MC  )
   | LAIN, KRISTIN E. MEREDITH, STEVEN E.  )
26 | MEYER, MEEGAN MOLONEY, MARINA M.)
   | MORRISON, MICHAEL MOSS, CELIA  )
27 | MOULES-LEE, BEVERLY M. MULLIGAN  )
   | SANCHEZ, GEORGE E. NOWOTNY, MARK )
28 | A. OERTEL, MELISSA T. OMANSKY,  )
   | JOSEPH C. OWENS, MATTHEW S.  )

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-4318-5669.1                                           -2-

NOTICE OF REMOVAL OF ACTION TO CLERK OF COURT

```
 1  PASCALE, JEFFREY S. RANEN, HOWARD  )
    G. RATH, JR., GARY S. RATTET, DAVID E.  )
 2  REYNOLDS, THOMAS RITTENBURG,       )
    MICHAEL S. ROBINSON, DONNA M. SAN  )
 3  AGUSTIN, VICTOR W. SANTOCHE,       )
    LAURENCE H. SCHNABEL, JASON        )
 4  SCUPINE, LANCE SELFRIDGE, DAVID B. )
    SHAPIRO, ALEXANDER SHIPMAN,        )
 5  DEBORAH F. SIRIAS, ROBERT L.       )
    SLAUGHTER, III, HOWARD A. SLAVIN,  )
 6  SHELDON H. SLOAN, SUSAN L. SNIPES, )
    GARY SPITZER, STACY C. SPODICK,    )
 7  LINDA STAR, PATRICK J. STARK, SHEILA )
    J. STARVISH, WILLIAM C. STEFFIN,   )
 8  JUDITH J. STEFFY, KAREN D. TANG    )
    MILLIGAN, JUDITH M. TISHKOFF, IVAN L. )
 9  TJOE, ROLAND J. TONG, STACI L. TRANG, )
    STEPHEN TURNER, KATHRYN A. TYLER,  )
10  COURTNEY E. VANDREUIL, JAMIE L.    )
    VEIS, JULIE VELTKAMP, RAQUAL VIDAL, )
11  KATHLEEN M. WALKER, KENNETH        )
    WATNICK, ROY G. WEATHERUP, JOHN J. )
12  WEBER, REBECCA R. WEINREICH, MARY  )
    G. WHITAKER, MICHAEL WILK, TIMOTHY )
13  R. WINDHAM, LORI WITT, RICHARD B.  )
    WOLF, CARY L. WOOD, ROBERT A.      )
14  WOOTEN, JR., BETH YOFFIE, JUDITH A. )
    ZIPKIN, BARRY ZOLLER, ALAN         )
15  ZUCKERMAN, DANIEL ZWIRN, LEWIS     )
    BRISBOIS BISGAARD, SMITH, LLP., LAW )
16  OFFICE OF CARY R. BOND, LLP. and DOES )
    1 through 5,000,                   )
17                                     )
                 Defendants.           )
18                                     )
                                       )
19        .v.                          )
                                       )
20  UNITED STATES POSTAL SERVICE, JOHN )
    E. POTTER, and ROES 1 through 25,  )
21                                     )
             Real Party-In-Interest    )
22  ─────────────────────────────────
```

23        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

24        PLEASE TAKE NOTICE that Defendant LEWIS BRISBOIS BISGAARD & SMITH, LLP

25  ("Defendant") hereby removes to this court, the state court action described below:

26        1.    On December 23, 2009, an action was commenced in the Superior Court of the State

27  of California, County of San Diego, entitled *Douglas J. Crawford v. Lewis Brisbois Bisgaard &*

28  *Smith, LLP, et al., and DOES 1 through 5,000* bearing Case No. 37-2009-00104381-CU-BT-CTL-

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-4318-5669.1                              -3-
                    NOTICE OF REMOVAL OF ACTION TO CLERK OF COURT

1   CU-BT-CTL. A true and correct copy of the summons and complaint served on Defendant is

2   attached hereto as Exhibit "A".

3        2.    The first date upon which Defendant was served with said complaint was on

4   December 28, 2009, hence the notice of this removal is timely.

5        3.    This action is a civil action of which this court has original jurisdiction under 28

6   U.S.C. § 1331, and is one that may be removed from this court pursuant to the provisions of 28

7   U.S.C. § 1441 (b), in that it seeks relief based, in part, on 18 U.S.C. §§ 1701 and 1725. See

8   complaint attached hereto as Exhibit "A".

9        4.    Plaintiff filed a First Amended Complaint on or around January 11th, 2010. See First

10  Amended Complaint attached hereto as Exhibit "B".

11       4.    It is unclear at this time whether any defendants have been served with the First

12  Amended Complaint.

13       5.    Defendant has sought no similar relief with respect to this matter.

14       6.    Written notice of the filing of this Notice of Removal will be given to the adverse

15  parties as required by 28 U.S.C. § 1446 (d).

16

17  DATED: January 27, 2010       LEWIS BRISBOIS BISGAARD & SMITH LLP

18

19                         By _____

20                             William John Rea, Jr.
                                  Ernest Slome

21                             Garth N. Ward
                  Attorneys for Defendants CRUSADER INSURANCE

22                  COMPANY and LEWIS BRISBOIS BISGAARD & SMITH,
                  LLP

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-4318-5669.1                -4-
NOTICE OF REMOVAL OF ACTION TO CLERK OF COURT

# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Additional Parties Attachment Form is Attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DOUGLAS J. CRAWFORD

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)* HALL OF JUSTICE<br><br>330 W. Broadway, San Diego, CA 92101 | CASE NUMBER<br>*(Número del Caso)*<br>**37-2009-00104381-CU-BT-CTL** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas J. Crawford, 4368 Niagara Ave., San Diego, CA 92107 (619) 876-9177

| DATE<br>*(Fecha)* **DEC 2 3 2009** | Clerk, by **T. HART** | , Deputy<br>*(Adjunto)* |
|---|---|---|
| | *(Secretario)* | |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: *Crusader Insurance*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [X] by personal delivery on *(date)*: 01/12/2010

Page 1 of 3

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

3

**SUM-200(A)**

| SHORT TITLE | CASE NUMBER |
|---|---|
| CRAWFORD v. REA JR., VANDEN HEUVEL, et. al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

THOMAS S. KIDDE, CATHERINE B. KIM, LYNDA J. KIM, ERIC KIZIRIAN,
ELISE D. KLEIN, STEPHEN V. KOVARIK, BRAD D. KRASNOFF, GERALD
A. LASFOND JR., JAY B. LAKE, LINDA M. LASLEY, ALISHA M.
LEE, SCOTT LEE, ROBERT F. LEWIS, STEVEN R. LEWIS,
SCOTT LICHTIG, DAVID E. LONG, KARL R. LOUREIRO, MARY C.
LOUREIRO, JANA I. LUBERT, GREGORY G. LYNCH, CHRISTINA
M. MAC NEIL, MICHAEL B. MAGLOFF, DAVID N. MAKOUS,
DICK MARSH, MIKE MARTINEZ, RAUL L. MARTINEZ, MALISSA H.
MC KEITH, MICHAEL A. MC LAIN, KRISTIN E. MEREDITH, STEVEN E.
MEYER, MEEGAN MOLONEY, MARINA M. MORRISON, MICHAEL
MOSS, CELIA MOULES-LEE, BEVERLY M. MULLIGAN, SANCHEZ,
GEORGE E. HOWOTNY, MARK A. OERTEL, MELISSA T. OMANSKY,
JOSEPH C. OWENS, MATTHEW S. PASCALE, JEFFREY S. RANEN,
HOWARD G. RATH JR., GARY S. RATTET, DAVID E. REYNOLDS, THOMAS
RITTENBURG, MICHAEL S. ROBINSON, DONNA M. SAN AGUSTIN,
VICTOR W. SANTOCHI, LAURENCE H. SCHNABEL, JASON SCUPINE,
LANCE SELFRIDGE, DAVID B. SHAPIRO, ALEXANDER SHIPMAN,
DEBORAH F. SIRIAS, ROBERT L. SLAUGHTER III, HOWARD A. SLAVIN,
SHELDON H. SLOAN, SUSAN L. SNIPES, GARY SPITZER, STACY C.
SPODICK, LINDA STAR, PATRICK J. STARK, SHEILA J. STARVISH,
WILLIAM C. STEFFIN, JUDITH J. STEFFY, KAREN D. TANG, MILLIGAN,
JUDITH M. TISHKOFF, IVAN L. TJOE, ROBERT J. TONG, STACI L. TRANG,
STEPHEN TURNER, KATHRYN A. TYLER, COURTNEY E. VAUDREUIL,
JAMIE L. VEIS, JULIE VELTKAMP, RAQUAL VIDAL, KATHLEE M.
WALKER, KENNETH WATNICK, ROY G. WEATHERUP, JOHN J. WEBER,
REBECCA R. WEINREICH, MARY G. WHITAKER, MICHAEL WILK,
TIMOTHY R. WINDHAM, LORI WITT, RICHARD B. WOLF, CARY L. WOOD,
ROBERT A. WOOTEN JR., BETH YOFFIE, JUDITH A. ZIPKIN, BARRY
ZOLLER, ALAN ZUCKERMAN, DANIEL ZWIRN, LEWIS BRISBOIS
BISGAARD, SMITH, LLP., LAW OFFICE OF CARY R. BOND, LLP, KNOX
ATTORNEY SERVICE and DOES 1 through 5000,
DEFENDANT (S).

Page __2__ of __3__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

**SUM-200(A)**

| SHORT TITLE | CASE NUMBER |
|---|---|
| CRAWFORD v. REA JR., VANDEN HEUVEL, et. al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

WILLIAM J. REA JR., TIMOTHY J. VANDEN HEUVEL, CARY R. BOND, R. GAYLORD SMITH, DIDIER F. JANTZ, JAMES SPEIDEL, KEARNY MESA TOWING, CARY CHELDIN, J. JOHN DI NAPOLI, CHANCE WHITMAN, CRUSADER INSURANCE, KEARNY MESA TOWING, INC., ERIC THOMAS, GARTH WARD, ROBERT G. BERNSTEIN, LISA W. COONEY, JANELLE F. GARCHIE, PETER L. GARCHIE, JILL GRATHWOHL, CHARLES S. HAUGHEY JR., DOUGLAS W. LEWIS, CRAIG T. MANN, GARRY MC CARTHY, JEFFREY A. MILLER, MARILYN R. MORIATY, RUSSELL M. MORTYN, ANTHONY R. MOYA, BRIAN A. RAWERS, LISA L. RICKSECKER, ERNEST SLOME, STEPHEN SMITH, RUBEN TARANGO, NANCY VAUGHAN, JAMES J. WALLACE II, TIMOTHY WALSON, WILLIAM ARCHER, LANE J. ASHLEY, SANFORD ASTOR, JOHN L. BARBER, RAYMOND R. BARRERA, DANIEL G. BATH, LEO A. BAUTISTA, PAUL J. BECK, BARTLEY L. BECKER, WESLEY G. BEVERLIN, CHRISTOPHER R. BISGAARD, BRUCE S. BOLGER, ROY M. BRISBOIS, GORDON J. CALHOUN, JOSEPH C. CAMPO, FRANK CANNIZZARO, RAND D. CARSTENS, ERIC CASTRO, CAROLINE E. CHAN, JASON R. CHERMETA, JEFFREY J. CHRISTOVICH, TRACY WEI COSTANTINO, DANIEL C. DE CARLO, MICHAEL A. DEMBIER, JULIE M. ROSE, ROBERT L. DE STEFANO, KHUONG T. DO, CRAIG DUNKIN, KEVIN L. ENG, ERIC J. ERICKSON, DANIEL C. FAUSTINO, KENNETH C. FELDMAN, MITCHELL L. FENTON, MANUAL FLORES, DAWN M. FLORES-OSTER, PATRICK J. FOLEY, DONALD G. FORGEY, DANA A. FOX, JAMES D. FRASER, NINA D. FORESCHLE, JERRY GARCIA, STEVEN G. GATLEY, JUDD A. GILEFSY, AMY L. GOLDMAN, SARAH K. GOLDSTEIN, JOHN A. GRANIEZ, TIMOTHY R. GRAVES, VICKI GRECO, CHRISTOPHER J. GREENLEAF, PAULA C. GREENSPAN, LAWRENCE N. HALPERIN, MINA I. HAMILTON, HELLAR-ANN HANCOCK, JORDAN E. HARRIMAN, JAMES P. HART, RYAN D. HARVEY, KRISTI K. HEDRICK, JOSEPH K. HEGEDUS CHRISTINE M. HENRICKS, STEPHEN K. HIURA, JON E. HOKANSON, DANIEL V. HYDE, LAURA E. INLOW, DOUGLAS R. IRVINE, PAUL A. JOHNSON, RAIMO H. KAASIK, BARRY G. KAIMAN, JON P. KARDASSIAKIS, DENNIS KASPER, AREZOU KHONSARI,

Page __3__ of __3__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

1 | Law Office of Douglas J. Crawford, SBN 202274
4368 Niagara Ave.
2 | San Diego, CA 92107-2926
(619) 876-9177 Tel.
3 | Attorney for Pro Per

4

5

6

7

8

## *SUPERIOR COURT OF CALIFORNIA*

9

## *COUNTY OF SAN DIEGO, CENTRAL DIVISION*

10

11 | DOUGLAS J. CRAWFORD,                                    ) CASE NO.    37-2009-00104381-CU-BT-CTL

12 |                        PLAINTIFF (S),                          )
                                                                      )    COMPLAINT
13 |                                                                  )    FOR DAMAGES, RESTITUTION
v.                                                                )    AND INJUNCTIVE RELIEF
14 |                                                                  )
WILLIAM J. REA JR., TIMOTHY J.                          )
15 | VANDEN HEUVEL, KNOX                                      )
ATTORNEY SERVICE,  CARY R.                          )
16 | BOND, R. GAYLORD SMITH                                 )
DIDIER F. JANTZ, JAMES SPEIDEL                   )
17 | KEARNY MESA TOWING, INC.,                           )
CARY CHELDIN, J. JOHN                                      )
18 | DI NAPOLI, CHANCE WHITMAN,                         )
CRUSADER INSURANCE                                       )    Jury Trial Requested
19 | KEARNY MESA TOWING, INC.,                           )
ERIC THOMAS, GARTH WARD,                           )
20 | ROBERT G. BERNSTEIN, LISA W.                      )
COONEY, JANELLE F. GARCHIE                        )
21 | PETER L. GARCHIE, JILL                                      )
GRATHWOHL, CHARLES S.                                 )
22 | HAUGHEY JR., DOUGLAS W.                             )
LEWIS, CRAIG T. MANN, GARRY                       )
23 | MC CARTHY, JEFFREY A. MILLER                    )
MARILYN R. MORIATY, RUSSELL                      )
24 | M. MORTYN, ANTHONY R. MOYA                    )
BRIAN A. RAWERS, LISA L.                                )
25 | RICKSECKER, ERNEST SLOMF.                         )
STEPHEN SMITH, RUBEN                                    )
26 | TARANGO, NANCY VAUGHAN,                          )
JAMES J. WALLACE II, TIMOTHY                     )
27 | WATSON, WILLIAM ARCHER,                           )
LANE J. ASHLEY, SANFORD                               )
28 | ASTOR, JOHN L. BARBER.                                  )
RAYMOND R. BARRERA, DANIEL                      )

1

G. BATH, LEO A. BAUTISTA,
PAUL J. BECK, BARTLEY L.
BECKER, WESLEY G. BEVERLIN,
CHRISTOPHER R. BISGAARD,
BRUCE S. BOLGER, ROY M.
BRISBOIS, GORDON J. CALHOUN,
JOSEPH C. CAMPO, FRANK
CANNIZZARO, RAND D.
CARSTENS, ERIC CASTRO,
CAROLINE E. CHAN, JASON R.
CHERMELA, JEFFREY J.
CHRISTOVICH, TRACY WEI
COSTANTINO, DANIEL C.
DE CARLO, MICHAEL A.
DEMBICER, JULIE M. DE ROSE,
ROBERT L. DE STEFANO,
KHUONG T. DO, CRAIG DUNKIN,
KEVIN L. ENG, ERIC J. ERICKSON
DANIEL C. FAUSTINO, KENNETH
C. FELDMAN, MITCHELL L.
FENTON, MANUAL FLORES,
DAWN M. FLORES-OSTER,
PATRICK J. FOLEY, DONALD G.
FORGEY, DANA A. FOX, JAMES D.
FRASER, NINA D. FROESCHLE,
JERRY GARCIA, STEVEN G.
GATLEY, JUDD A. GILEFSY, AMY
L. GOLDMAN, SARAH K.
GOLDSTEIN, JOHN A. GRANIEZ,
TIMOTHY R. GRAVES, VICKI
GRECO, CHRISTOPHER J.
GREENLEAF, PAULA C.
GREENSPAN, LAWRENCE N.
HALPERIN, MINA I. HAMILTON
HELLAR-ANN HANCOCK,
JORDAN E. HARRIMAN, JAMES P.
HART, RYAN D. HARVEY, KRISTI
K. HEDRICK, JOSEPH K. HEGEDUS
CHRISTINE M. HENRICKS,
STEPHEN K. HIURA, JON E.
HOKANSON, DANIEL V. HYDE
LAURA E. INLOW, DOUGLAS R.
IRVINE, PAUL A. JOHNSON,
RAIMO H. KAASIK, BARRY G.
KAIMAN, JON P. KARDASSIAKIS
DENNIS KASPER, AREZOU
KHONSARI, THOMAS S. KIDDE,
CATHERINE B. KIM, LYNDA J.
KIM, ERIC KIZIRIAN, ELISE D.
KLEIN, STEPHEN V. KOVARIK,
BRAD D. KRASNOFF, GERALD A.
LAFOND JR., JAY B. LAKE,
LINDA M. LASLEY, ALISHA M.
LEE, SCOTT LEE, ROBERT F.
LEWIS, STEVEN R. LEWIS,
SCOTT LICHTIG, DAVID E. LONG,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2

| | |
|---|---|
| 1 | KARL R. LOUREIRO, MARY C. )<br>LOUREIRO, JANA I. LUBERT, ) |
| 2 | GREGORY G. LYNCH, CHRISTINA )<br>M. MAC NEIL, MICHAEL B. ) |
| 3 | MAGLOFF, DAVID N. MAKOUS )<br>DICK MARSH, MIKE MARTINEZ ) |
| 4 | RAUL L. MARTINEZ, MALISSA H. )<br>MC KEITH, MICHAEL A. MC LAIN, ) |
| 5 | KRISTIN E. MEREDITH, STEVEN F. )<br>MEYER, MEEGAN MOLONEY, ) |
| 6 | MARINA M. MORRISON, MICHAEL )<br>MOSS, CELIA MOULES-LEE, ) |
| 7 | BEVERLY M. MULLIGAN )<br>SANCHEZ, GEORGE E. NOWOTNY, ) |
| 8 | MARK A. OERTEL, MELISSA T. )<br>OMANSKY, JOSEPH C. OWENS, ) |
| 9 | MATTHEW S. PASCALE, JEFFREY )<br>S. RANEN, HOWARD G. RATH JR., ) |
| 10 | GARY S. RATTET, DAVID E. )<br>REYNOLDS, THOMAS ) |
| 11 | RITTENBURG, MICHAEL S. )<br>ROBINSON, DONNA M. SAN ) |
| 12 | AGUSTIN, VICTOR W. SANTOCHI, )<br>LAURENCE H. SCHNABEL, ) |
| 13 | JASON SCUPINE, LANCE )<br>SELFRIDGE, DAVID B. SHAPIRO, ) |
| 14 | ALEXANDER SHIPMAN, )<br>DEBORAH F. SIRIAS, ROBERT L. ) |
| 15 | SLAUGHTER III, HOWARD A. )<br>SLAVIN, SHELDON H. ) |
| 16 | SLOAN, SUSAN L. SNIPES, GARY )<br>SPITZER, STACY C. SPODICK, ) |
| 17 | LINDA STAR, PATRICK J. )<br>STARK, SHEILA J. STARVISH, ) |
| 18 | WILLIAM C. STEFFIN, JUDITH J. )<br>STEFFY, KAREN D. TANG ) |
| 19 | MILLIGAN, JUDITH M. TISHKOFF, )<br>IVAN L. TJOE, ROLAND J. TONG, ) |
| 20 | STACI L. TRANG, STEPHEN )<br>TURNER, KATHRYN A. TYLER, ) |
| 21 | COURTNEY E. VAUDREUIL, )<br>JAMIE L. VEIS, JULIE VELTKAMP, ) |
| 22 | RAQUAL VIDAL, KATHLEEN M. )<br>WALKER, KENNETH WATNICK, ) |
| 23 | ROY G. WEATHERUP, JOHN J. )<br>WEBER, REBECCA R. WEINREICH, ) |
| 24 | MARY G. WHITAKER, MICHAEL )<br>WILK, TIMOTHY R. WINDHAM, ) |
| 25 | LORI WITT, RICHARD B. WOLF, )<br>CARY L. WOOD, ROBERT A. ) |
| 26 | WOOTEN JR., BETH YOFFIE, )<br>JUDITH A. ZIPKIN, BARRY ) |
| 27 | ZOLLER, ALAN ZUCKERMAN, )<br>DANIEL ZWIRN, LEWIS BRISBOIS ) |
| 28 | |

1  BISGAARD, SMITH, LLP., LAW
   OFFICE OF CARY R. BOND, LLP                )
2  and DOES 1 through 5000,                    )
                                               )
3              DEFENDANT (S);                  )
                                               )
4  v.                                          )
                                               )
5  UNITED STATES POSTAL                        )
   SERVICE, JOHN E. POTTER,                    )
6  and ROES 1 through 25,                      )
                                               )
7      REAL PARTY IN INTEREST.                 )
   _____           )

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

<u>Prefatory Statement</u>

The execution-style murder of Attorney Jeffrey Tidus outside his home on December 10, 2009 was the most recent reminder of the real world dangers that attorneys face everyday. Whether the threat is from disgruntled litigants, opposing counsel, former clients, current clients or the like, a conscious and diligent attorney must take extraordinary precautions to protect themselves and their families from all threats, real or perceived.

Attorney Tidus specialized in the unethical conduct of attorneys, focusing in on attorney's fraudulent billing practices. He was well-versed in the fraudulent billing practices witnessing first-hand those fraudulent billing practices of his former employer, Lewis, D'Amato, Bisgaard & Smith (currently named Lewis, Brisbois, Bisgaard & Smith). Jeffrey Tidus dropped his guard and he was rewarded with a bullet to the back of the head presented to him at his private residence.

Plaintiff is all too well versed in the unethical and illegal business practices of Lewis D'Amato having litigating numerous cases against them over the years. <u>BMW v. Berge Matossian</u>, (2001) 01 CV 0770 (LAB) was a typical Lewis D'Amato unethical shakedown lawsuit, suing Mr. Matossian for having a clock hanging in the back of his used car showroom (Ferrari, Maserati, Lamborghini, Mercedes and the occasional BMW) with a small BMW logo on it and claiming "customer confusion". Rather than simply asking him to remove it, Leo A. Bautista, of Lewis D'Amato, filed suit in U.S. District Court to extract a tax out of Mr. Matossian. Then Magistrate Larry A. Burns not only called the lawsuit totally frivolous and a complete waste of judicial resources, he was tempted to report Lewis D'Amato to the State Bar. Lewis D'Amato, now called, Lewis Brisbois continue to make the Trevor Law Group look like the patron saint of leal integrity.

///

5

1    In an underlying case. the son of a former U.S. District Court Judge, William
2  John Rea Jr. of Lewis Brisbois has submitted fraudulent billing records as
3  evidence in support of their request for Cal. Code of Civ. Proc. § 425.16 (anti-
4  SLAPP) attorney fees.  For example, Mr. Rea Jr. seeks compensation for: (1)
5  reviewing and drafting a response to a complaint to California's Insurance
6  Commissioner. Steve Poizner; (2) writing a four page settlement offer on behalf
7  of the non-SLAPP party. Defendant Kearny Mesa Towing; (3) discussing
8  discovery issues over the non-SLAPP party, etc. ad nauseum.  None of Mr. Rea Jr.'s
9  foregoing requests for compensation are remotely allowable under California law.
10    It has been Plaintiff's continued experience that attorneys at Lewis
11  D'Amato/Lewis Brisbois will resort to *any means* possible to win, unethical or
12  illegal. including shooting a bullet into the back of an opposing counsel's head. if
13  necessary. Based on Plaintiff's prior and current experiences with Lewis Brisbois.
14  Plaintiff made one simple request to Defendant Tim Vanden Heuvel, a partner in
15  the law firm of Lewis Brisbois Bisgaard & Smith, LLP:

16    DO NOT PLACE ANY ITEMS IN PLAINTIFF'S U.S. MAILBOX

17    Not only is it a federal crime. but it also causes Plaintiff extreme distress
18  because each item must be first treated a potential incendiary device and then as
19  a potential lethal biohazard.  Plaintiff's simple request was immediately followed
20  with more suspicious packages being placed in Plaintiff's mailbox by Def. Vanden
21  Heuvel and/or Lewis Brisbois employees/attorneys.

22    Criminal sociopaths and the buffet-style attorneys of Lewis Brisbois are
23  virtually indistinguishable because each knows the difference between right and
24  wrong, legal and illegal, but each consciously chooses to ignore the law to satisfy
25  their needs.  Contained only within the deep recesses of their mind does a criminal
26  or Lewis Brisbois attorney know which laws on any given day they will choose to
27  abide by and which laws they will completely disregard much to the detriment and
28  harm of the public.  The buffet-style attorneys at Lewis Brisbois only distinguish

themselves from the criminal sociopath by cloaking themselves as officers of the Court of Law to conceal their criminal tendencies. Whether malum in se or malum prohibitum[1] a crime has been committed and someone has been or will be victimized.

Their hypocrisy in swearing to uphold all the laws of the United States and utilizing the sanctity of being an officer of the Court as a shield to knowingly and intentionally committing crimes is utterly disgraceful. Plaintiff will not be victimized, nor terrorized anymore, nor cower to their repeated threats of further criminal acts.

In filing this lawsuit, Plaintiff only seeks to injunct Defendants from further violating 18 U.S.C. § 1701, 1725 et. al.. Plaintiff has made numerous and repeated requests for the defendants to cease and desist in placing suspicious, unstamped, mailable matter in his clearly designated U.S. Postal mail space. More importantly. Plaintiff has repeated informed the defendants that there are reasonable, legal alternatives such as placing the objects underneath the security fence, placing the objects between the slates in the security fence, placing the objects on top of the security fence, ringing the doorbell, knock on the fence, calling Plaintiff on the phone and asking where to put the objects, etc.. Each request has been responded with scorn, ridicule and further acts of criminal conduct.

///

---

[1]DUI or violating Cal. Vehicle Code § 23152 (a) or (b) is a malum prohibitum law that clearly has deadly consequences when violated. Is today the day that an attorney from Lewis Brisbois unilaterally decides he or she is not too drunk to drive? Maybe a Lewis Brisbois attorney will just violate Cal. Bus. & Prof. Code § 6068 or maybe every other Friday is run a stop sign day at Lewis Brisbois. Only attorneys at Lewis Brisbois know which laws they will abide by at any given time.

7

1  PLAINTIFF DOUGLAS J. CRAWFORD alleges, as follows:

2  **PARTIES**

3  1.   Plaintiff Douglas J. Crawford ("Plaintiff") is, and at all times mentioned in

4       this complaint, an individual with residency in San Diego, California.

5  2.   Plaintiff is informed and believes, and on such basis alleges that all the

6       named individual Defendants are, and all times mentioned in this complaint,

7       residents of California.

8  3.   Plaintiff is are informed and believes, and on such basis alleges that

9       Defendants Kearny Mesa Towing, Inc., Crusader Insurance, Lewis Brisbois

10      Bisgaard and Smith, LLP, Knox Attorney Service, Law Office of Cary R.

11      Bond is, and at all times mentioned in this complaint, are business entities

12      doing business in the State of California.

13 4.   Plaintiff does not know the true names of Defendant DOES 1 through 5000,

14      inclusive, and therefore sues them by those fictitious names. Plaintiff(s) will

15      amend this Complaint to allege their true names and capacities when

16      ascertained. Plaintiff is informed and believes and thereon alleges that each

17      of the fictitiously named Defendants are responsible in some manner for

18      each act or omission herein alleged.

19 5.   Venue is proper in San Diego County because the acts and/or omissions that

20      give rise to this complaint occurred in  San Diego County, zip code 92107.

21 ///

22 **FIRST CAUSE OF ACTION**

23 (Business & Professions Code § 17200; Plaintiff v. ALL Defendants - "Unlawful"

24 Business Act violating 18 U.S.C. § 1701 & 1725; Domestic Mail Manual Section

25 508.3.0 et. al; U.S. Postal Service v. Council of Greenburgh Civic Assns. (1981)

26 453 U.S. 184); Cal. Penal Code §§ 240 (assault), 415 (3) (words to incite

27 violence); 646.9 (stalking); 647 c (restriction of Movement).

28 ///

8

6.    Plaintiff incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

7.    Plaintiff brings forth this cause of action on behalf of himself, the United States Postal Service, John E. Potter, Postmaster General and on behalf of, and for the benefit of the general public.

*Violations of 18 U.S.C. § 1701 & 1725; DMM § 508.3.0*

8.    On or about June 25, 2009, Defendant Timothy J. Vanden Heuvel ("Def. Vanden Heuvel") placed legal documents in Plaintiff's U.S. Postal letterbox located at 4368 Niagara Ave., San Diego, CA 92107.

9.    In placing aforementioned documents in Plaintiff's mailbox on June 25, 2009, Def. Vanden Heuvel was acting on behalf of, in furtherance for and as the legal agent and attorney for Defendants Crusader Insurance, Kearny Mesa Towing, Eric Thomas, J. John DiNapoli, Cary Cheldin, Chance Whitman and Does 10 through 20.

10.   Moreover, when Def. Vanden Heuvel was illegally placing legal documents in Plaintiff's mailbox on June 25, 2009, he did so in furtherance of his employment at and while acting as a partner of Defendant's Lewis, Brisbois, Bisgaard & Smith ("Def. Lewis Brisbois")

11.   Moreover, Plaintiff is informed and believes and on such basis alleges that Defendant Lewis Brisbois is business enterprise formed as a partnership wherein each and every partner is liable for the acts and malfeasances of each and every other partner.

12.   Def. Vanden Heuvel's placement of documents in Plaintiff's mailbox hindered and obstructed the U.S. Postal service from delivering mail to Plaintiff's letterbox in violation of 18. U.S.C. § 1701.

13.   On or about June 25, 2009, Plaintiff telephoned Def. Vanden Heuvel and respectfully requested that he not place any items in Plaintiff's mailbox, especially given the fact that: (1) it is a federal crime to place anything other

9

than outgoing stamped, mailable into a U.S. Postal designated letterbox . as clearly enunciated in U.S. Postal Service v. Council of Greenburgh Civic Assns, (1981) 453 U.S. 184); (2) he is an attorney sworn to uphold all the laws, and; (3) those are legal documents.  Plaintiff informed Def. Vanden Heuvel that if he wanted to serve legal documents on Plaintiff all he had to do was knock, ring the doorbell, or call Plaintiff or slide them under the security fence.

14.   In direct defiance of Plaintiff's simple request, on or about July 10, 2009, Def. Vanden Heuval placed a sealed envelope in Plaintiff's mailbox sans postage.

15.   Again, in placing aforementioned sealed envelope in Plaintiff's mailbox on July 10, 2009, Def. Vanden Heuvel was acting on behalf of, in furtherance for and as the legal agent and attorney for Defendants Crusader Insurance, Kearny Mesa Towing, James Speidel, Eric Thomas, J. John DiNapoli, Cary Cheldin, Chance Whitman and Does 10 through 20.

16.   Moreover, when Def. Vanden Heuvel was illegally placing legal documents in Plaintiff's mailbox on July 10, 2009, he did so in furtherance of his employment at and while acting as a partner of Def. Lewis Brisbois.

17.   Def. Vanden Heuvel's placement of the unstamped envelope in Plaintiff's mailbox hindered and obstructed the U.S. Postal service from delivering mail to Plaintiff's letterbox in violation of 18. U.S.C. §§ 1701 & 1725.

18.   On or about July 13, 2009, Plaintiff mailed Def. Vanden Heuvel a correspondence, dated the same, carefully explaining to Def. Vanden Heuvel that placing the envelope in Plaintiff's mailbox was a federal crime, that the illegal conduct placed Plaintiff in fear for his life and the lives of his family and simply asked Def. Vanden Heuvel to cease and desist.

19.   In response to Plaintiff's correspondence, on or about July 27, 2009, Def. Vanden Heuval placed a folded, suspicious envelope in Plaintiff's mailbox

10

1      obscuring the origin, sender and contents of the suspicious package.

2  20.  In placing aforementioned suspicious package in Plaintiff's mailbox on July

3      27, 2009, Def. Vanden Heuvel was acting on behalf of, in furtherance for

4      and as the legal agent and attorney for Defendants Crusader Insurance,

5      Kearny Mesa Towing, James Speidel, Eric Thomas, J. John DiNapoli, Cary

6      Cheldin, Chance Whitman and Does 10 through 20.

7  21.  Moreover, when Def. Vanden Heuvel was placing the suspicious package

8      in Plaintiff's mailbox on July 27, 2009, he did so in furtherance of his

9      employment at and while acting as a partner of Def. Lewis Brisbois.

10 22.  Def. Vanden Heuvel's placement of the unstamped envelope in Plaintiff's

11     mailbox hindered and obstructed the U.S. Postal service from delivering

12     mail to Plaintiff's letterbox in violation of 18. U.S.C. §§ 1701 & 1725.

13 23.  On or about July 28, 2009, Def. Vanden Heuval placed another folded,

14     suspicious envelope in Plaintiff's mailbox obscuring the origin, sender and

15     contents of the suspicious package.

16 24.  In placing aforementioned suspicious package in Plaintiff's mailbox on July

17     28, 2009, Def. Vanden Heuvel was acting on behalf of, in furtherance for

18     and as the legal agent and attorney for Defendants Crusader Insurance,

19     Kearny Mesa Towing, Eric Thomas, J. John DiNapoli, Cary Cheldin,

20     Chance Whitman and Does 10 through 20.

21 25.  Moreover, when Def. Vanden Heuvel was placing the suspicious package

22     in Plaintiff's mailbox on July 28, 2009, he did so in furtherance of his

23     employment at and while acting as a partner of Def. Lewis Brisbois.

24 26.  Def. Vanden Heuvel's placement of the unstamped envelopes and/or other

25     suspicious objects in Plaintiff's mailbox on July 27, 2009 and July 28, 2009

26     hindered and obstructed the U.S. Postal service from delivering mail to

27     Plaintiff's letterbox in violation of 18. U.S.C. §§ 1701 & 1725.

28 27.  On or about July 28, 2009, Plaintiff mailed yet another correspondence to

11

1    Def. Vanden Heuvel reiterating the criminality of his actions and the fear

2    that his illegal conduct was generating.

3    28.   At all times Plaintiff has repeatedly tried to settle the underlying legal

4    dispute to avoid further contact with Def. Vanden Heuvel and/or other

5    partners at Def. Lewis Brisbois and, thereby, avoid the suspicious packages

6    that Def. Lewis Brisbois have been placing in Plaintiff's U.S. designated

7    mail space.

8    29.   Unfortunately, no one at Def. Lewis Brisbois wants to stop riding the

9    Crusader Insurance company gravy train leaving Plaintiff with no other

10    viable option to stop Def. Vanden Heuvel from further terrorizing Plaintiff

11    and his family with his illegal conduct.

12    *Violation of Cal. Penal Code §§ 240 (Assault), 415 (3) (Words to Incite*

13    *Violence); 646.9 (Stalking); 647 c (Restriction of Movement)*

14    30.   On September 2, 2009, at the Hall of Justice located at 330 W. Broadway,

15    San Diego, CA, 92101, an ex parte hearing was held in Department 68, the

16    Honorable Judith F. Hayes presiding for Superior Court Case No. 37-2009-

17    93815-CU-PO-CTL.

18    31.   Prior to the hearing, Plaintiff and Def. Vanden Heuvel exchanged several

19    unpleasant words which ended with Def. Vanden Heuvel calling Plaintiff a

20    "worm" and Plaintiff informing Def. Vanden Heuvel that name calling was

21    rather childish, an exchange that many other attorneys in the Courtroom

22    heard.

23    32.   After the ex parte hearing, Plaintiff walked out of the Courtroom to find Def.

24    Vanden Heuvel sitting on the bench outside Department 68 waiting for

25    Plaintiff.  Def. Vanden Heuvel stood up and began a verbal assault of

26    obscenities with the obvious intent of violence against Plaintiff.

27    33.   Fearing for his safety, Plaintiff ran to the elevator to escape from Def.

28    Vanden Heuvel's verbal barrage of obscenities and threats of harm,

1    Thankfully there was another individual present to witness Def. Vanden

2    Heuvel's bizarre behavior.

3    34.  As Plaintiff got onto the elevator, Def. Vanden Heuvel also boarded the

4    elevator. Just as the door of the elevator was about to close, Plaintiff

5    jumped off, and in turn so did Def. Vanden Heuvel.

6    35.  Plaintiff informed Def. Vanden Heuvel that he did not want to ride the

7    elevator down with him given his highly agitated and apparently violent

8    state of being.

9    36.  Plaintiff again boarded the elevator and it seemed as though Def. Vanden

10   Heuvel would take the next elevator, however at the last moment before the

11   doors closed Def. Vanden Heuvel jumped on the elevator and again Plaintiff

12   jumped off the elevator, as did Def. Vanden Heuvel.

13   37.  Again, fearing for his personal safety, Plaintiff ran into the bathroom and

14   locked himself in a bathroom stall to seek refuge from a deranged Def.

15   Vanden Heuvel.

16   38.  After a significant period of time, Plaintiff exited the bathroom and found

17   that Def. Vanden Heuvel had, apparently, left.

18   39.  However, when Plaintiff reached the first floor of the Hall of Justice, Def.

19   Vanden Heuvel was waiting for Plaintiff and began his assault again on

20   Plaintiff.

21   40.  Again, fearing for his personal safety, Plaintiff ran from Def. Vanden

22   Heuvel down the street and into the Courthouse at 220 W. Broadway.

23   41.  As a direct result of Def. Vanden Heuvel's illegal and bizarre conduct, to

24   date, Plaintiff has not attended any Court hearing without the protection of

25   an escort.

26   42.  Def. Vanden Heuvel's verbal assault on Plaintiff was in violation of Penal

27   Code § 415 (3).

28   ///

43. Def. Vanden Heuvel's insistence on riding down the elevator with and trailing after Plaintiff, as described above, was in violation of Penal Code §§ 646.9 & 647 c.

44. Overall, Def. Vanden Heuvel's bizarre demeanor and threatening manner towards Plaintiff was in violation of Penal Code § 240.

45. On September 2, 2009, Def. Vanden Heuvel was acting on behalf of, in furtherance for and as the legal agent and attorney for Defendants Crusader Insurance, Kearny Mesa Towing, James Spedel, Eric Thomas, J. John DiNapoli, Cary Cheldin, Chance Whitman and Does 10 through 20.

46. Moreover, on September 2, 2009, Def. Vanden Heuvel was acting in furtherance of his employment at, and while acting as a partner of, Def. Lewis Brisbois.

*Violations of 18 U.S.C. § 1701 & 1725; DMM § 508.3.0*

47. On or about November 10, 2009, under the cover of darkness, Defendant Cary R. Bond ("Def. Bond") placed a suspicious, unstamped envelope in Plaintiff's U.S. designated mail space.

48. On November 10, 2009, Def. Bond was acting on behalf of, as the legal agent and attorney for Defendant Didier F. Jantz, Defendant Law Office of Cary R. Bond and Does 21-25.

49. Plaintiff is informed and believes and on such basis alleges that Def. Bond and Def. Vanden Heuvel have been communicating extensively together about their respective cases involving Plaintiff and have been exchanging legal documents in furtherance of their respective clients.

50. More importantly, Plaintiff is informed and believes and on such basis alleges that Def. Bond knew that placing the suspicious envelope in Plaintiff's U.S. Postal Service designated mail space would cause Plaintiff to endure severe mental anguish and distress from his numerous communications with Def. Vanden Heuvel and placed the envelope in the

14

mailbox with the specific intent to harm Plaintiff and at the direction and suggestion of Def. Vanden Heuvel.

51. Def. Bond stated in Court, on the record, on November 12, 2009 that he was in communication with Def. Vanden Heuvel about Plaintiff's conduct in other cases and sought additional time to place such evidence before the Court.

52. Def. Bond's placement of the unstamped, suspicious envelope in Plaintiff's mailbox hindered and obstructed the U.S. Postal service from delivering mail to Plaintiff's letterbox in violation of 18. U.S.C. §§ 1701 & 1725.

53. On December 7, 2009, Plaintiff mailed a correspondence to Def. Bond, dated the same, clearly and specifically detailing the harm caused by placing a suspicious envelope in Plaintiff's U.S. Postal Service designated mail space, providing Def. Bond with a list of numerous other legal options to serve documents on Plaintiff and specifically detailing the legal action that would ensure if he and/or agents did not cease and desist.

54. In response, Plaintiff is informed and believes and on such basis alleges that on or about December 15, 2009 Def. Bond retained the services of Knox Attorney Services to serve a legal document on Plaintiff.

55. On December 15, 2009, Doe Defendant # 1 from Knox Attorney Service, placed a suspicious, unstamped letter in Plaintiff's U.S. Postal Service designated mail space.

56. On December 15, 2009, when Doe Defendant #1 was placing the unstamped, suspicious letter in Plaintiff's U.S. Postal Service mail space, Plaintiff is informed and believes and on such basis alleges that Doe Defendant # 1 was employed by Knox Attorney Service and was acting in furtherance of their employment with Knox Attorney Service.

57. Moreover, on December 15, 2009, Doe Defendant # 1 was acting on behalf of, as an agent for and furthering the legal interests of Def. Bond, Def. Law

15

1    Office of Cary R. Bond and Def. Didier F. Jantz.

2  58.  Def. Doe Defendant #1's December 15, 2009 placement of the unstamped

3    envelope in Plaintiff's mailbox hindered and obstructed the U.S. Postal

4    service from delivering mail to Plaintiff's letterbox in violation of 18. U.S.C.

5    §§ 1701 & 1725.

6  59.  All of the foregoing defendants actions have caused Plaintiff harm and

7    Plaintiff seeks to restore himself to the position he occupied before the harm

8    was caused by the aforementioned defendants.

9  60.  Moreover, all of the foregoing actions (with the exception of Def. Vanden

10    Heuvel's Hall of Justice incite to violence against Plaintiff, obstructing

11    Plaintiff's passage, etc.) have cause harm to the United States Postal Service

12    by: (1) obstructing their ability to deliver mail to Plaintiff's U.S. Postal

13    Service designated mail space; (2) decrease in U.S. Postal Service revenues

14    by failing to pay the appropriate postage on mailable matter; (3) usurping the

15    duties and obligations of United States Postal Service employee by

16    delivering mailable matter without the proper qualifications; (4)

17    circumventing the protections in place by the United States Postal Service,

18    such as the ability to detect harmful and illegal substances (gunpowder,

19    explosive materials, anthrax, ricin, botulism, etc.) that are afforded every

20    U.S. citizen that receives mailable matter; (5) circumventing the laws that

21    make it illegal to send harmful and illegal substances through the mail and

22    to an individual's U.S. Postal Service designated mail space; (6)

23    circumventing the protections afforded to each and every U.S. Postal

24    Service employee by placing suspicious packages in a U.S. Postal Service

25    designated mail space.

26  61.  In addition, the defendants actions, as described above, have harmed the

27    general public by circumventing the laws of California with regard to proper

28    service of legal documents, as codified in Cal. Code of Civ. Proc. §§ 1010.6

16

1    through 1020.

2  62.  Plaintiff has suffered loss of property and money because of Defendants

3       illegal acts.

4  ///

5       <u>Plaintiff's Prayer for Relief to the First Cause of Action</u>

6  63.  (i)   Restitution to plaintiff for his loss of property and money; (ii)

7       preliminary and permanent injunctive relief against all defendants

8       restraining them from placing any objects, correspondences, letters,

9       envelopes, packages, and generally anything of atomic particle size and

10      larger in Plaintiff's U.S. Postal Service designated mail space[2]; (iii)

11      preliminary and permanent injunction restraining Def. Vanden Heuvel and

12      Def. Bond to maintain a minimum of 200 yards away from Plaintiff's

13      residence located at 4368 Niagara Ave., San Diego 92107; (iv) Def. Lewis

14      Brisbois to assign another attorney to the underlying civil case, or in the

15      alternative; (v) require Def. Vanden Heuvel to appear 20 minutes early to

16      any Court appearance and remain 10 minutes after any Court appearance to

17      ensure Plaintiff's safety; (vi) Def. Lewis Brisbois to inform and educate all

18      of its employees, including but not limited to partners, associates, and non-

19      attorney employees to NOT place **unstamped** letters, correspondences,

20      packages in a residential U.S. Postal Service designated mail space

21      including Plaintiff's letterbox; (vii) Def. Knox Attorney Service to inform

22      and educate all of its employees, including but not limited to associates, and

23      non-attorney employees to NOT place **unstamped** letters a residential U.S.

24      Postal Service designated mail space, including Plaintiff's letterbox; (viii)

25      remit to the U.S. Postal Service the proper amount of postage for each item

26      illegally placed in Plaintiff's letterbox; (ix) admit guilt and pay the statutory

27

28      [2]Real simple request that has been repeated over and over and over again: DO NOT PLACE ANYTHING IN PLAINTIFF'S MAILBOX

1    fine amount to the U.S. Postal Service for each violation of 18 U.S.C. §§

2    1701 & 1725 and; (ix) any other relief as the court shall designate and find

3    so as to ensure that the laws of the United States and the regulations of the

4    United States Postal Service are complied with by the aforementioned

5    defendants.

6    ///

## SECOND CAUSE OF ACTION

(General Negligence; Plaintiff v. All Defendants)

9    64.   Plaintiff incorporates by reference and re-alleges each allegation set forth

10         above as though set forth at length herein.

11   65.   As clearly set forth above, each and every defendant had a legal duty to

12         exercise ordinary and reasonable care when interacting with Plaintiff.

13   66.   As clearly set forth above, each and every defendant failed to exercise

14         ordinary and reasonable care when interacting with Plaintiff by engaging in

15         illegal conduct that each and every defendant knew, based on prior

16         knowledge, would cause harm to Plaintiff.

17   67.   As clearly set forth above, each and every defendant committed the illegal

18         acts, as stated above, with the intention to cause Plaintiff severe emotional

19         distress.

20   68.   Each and every defendant was successful, in that, the illegal and egregious

21         acts that they knowingly and willingly committed did, in fact, cause Plaintiff

22         harm.

23   69.   Defendant's acts, as clearly set forth above, were the proximate cause and

24         the cause in fact of Plaintiff's injuries.

25         Plaintiff's Prayer for relief as to the Second Cause of Action

26   36.   Plaintiff requests (i) compensatory damages for the harm caused by all the

27         defendants; (ii) restitution to plaintiff for his loss of property and money;

28         (iii) preliminary and permanent injunctive relief against all defendants

1  restraining them from placing any objects, correspondences, letters,

2  envelopes, packages, and generally anything of atomic particle size or larger

3  in Plaintiff's U.S. Postal Service designated mail space; (iv) preliminary and

4  permanent injunction restraining Def. Vanden Heuvel and Def. Bond to

5  maintain a minimum of 200 yards away from Plaintiff's residence located

6  at 4368 Niagara Ave., San Diego 92107; (v) Def. Lewis Brisbois to assign

7  another attorney to the underlying civil case, or in the alternative; (vi)

8  require Def. Vanden Heuvel to appear 20 minutes early to any Court

9  appearance and remain 10 minutes after any Court appearance to ensure

10  Plaintiff's safety; (vii) Def. Lewis Brisbois to inform and educate all of its

11  employees, including but not limited to partners, associates, and non-

12  attorney employees to NOT place *unstamped* letters, correspondences,

13  packages in a residential U.S. Postal Service designated mail space

14  including Plaintiff's letterbox; (viii) Def. Knox Attorney Service to inform

15  and educate all of its employees, including but not limited to associates, and

16  non-attorney employees to NOT place *unstamped* letters a residential U.S.

17  Postal Service designated mail space, including Plaintiff's letterbox; (ix)

18  costs and fees in bringing this action or according to proof, and; (x) any

19  other relief as the court shall designate and find so as to ensure that the laws

20  of the United States are complied with by the aforementioned defendants.

21  WHEREFORE, Plaintiff prays for judgment against all Defendants, as follows:

22  1)  General and compensatory damages, in an amount according to proof;

23  2)  Special damages as according to proof;

24  3)  Punitve damages if warranted;

25  4)  Prejudgment interest as permitted by law;

26  5)  Attorneys fees, wherein provided for;

27  6)  For special damages according to proof;

28  7)  For costs of suit herein incurred;

8)   Complete and full restitution to Plaintiff

9)   Preliminary and permanent injunctive relief, as follows:

(i) against all defendants restraining them from placing any objects, correspondences, letters, envelopes, packages, and generally anything of atomic particle size or larger in Plaintiff's U.S. Postal Service designated mail space; (ii) preliminary and permanent injunction restraining Def. Vanden Heuvel and Def. Bond to maintain a minimum of 200 yards away from Plaintiff's residence located at 4368 Niagara Ave., San Diego 92107; (iii) Def. Lewis Brisbois to assign another attorney to the underlying civil case, or in the alternative; (iv) require Def. Vanden Heuvel to appear 20 minutes early to any Court appearance and remain 10 minutes after any Court appearance to ensure Plaintiff's safety; (v) Def. Lewis Brisbois to inform and educate all of its employees, including but not limited to partners, associates, and non-attorney employees to NOT place *unstamped* letters, correspondences, packages in a residential U.S. Postal Service designated mail space including Plaintiff's letterbox; (vi) Def. Knox Attorney Service to inform and educate all of its employees, including but not limited to associates, and non-attorney employees to NOT place *unstamped* letters a residential U.S. Postal Service designated mail space, including Plaintiff's letterbox; (vii) costs and fees in bringing this action or according to proof, and; (viii) any other relief as the court shall designate and find so as to ensure that the laws of the United States are complied with by the aforementioned defendants.

///

Dated: December 22, 2009

Douglas J. Crawford,

Attorney for Plaintiff Pro Se

20

## VERIFICATION

I, Douglas J. Crawford, am named as the Plaintiff in this proceeding. I have read and/or been thoroughly explained the contents of the foregoing Complaint for Damages, Declaratory Relief and Injunctive Relief and understand their contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 12/22/2009        _____

                     Douglas J. Crawford, Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 450-7065

PLAINTIFF(S) / PETITIONER(S): Douglas J Crawford

DEFENDANT(S) / RESPONDENT(S): William J Rea, Jr et.al

CRAWFORD VS REA

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2009-00104381-CU-BT-CTL |
|---|---|

Judge: Judith F. Hayes          Department: C-68

**COMPLAINT/PETITION FILED: 12/23/2009**

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO | |

STREET ADDRESS     330 West Broadway
MAILING ADDRESS    330 West Broadway
CITY, STATE, & ZIP CODE  San Diego, CA 92101-3827
BRANCH NAME        Central

PLAINTIFF(S)     Douglas J Crawford

DEFENDANT(S)  William J Rea Jr et al

SHORT TITLE    CRAWFORD VS. REA

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS** (CRC 3.221) | CASE NUMBER 37-2009-03104381-CU-BT-CTL |
|---|---|

Judge: Judith F Hayes                                     Department C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- [ ] Court-Referred Mediation Program
- [ ] Private Neutral Evaluation
- [ ] Private Mini-Trial
- [ ] Private Summary Jury Trial
- [ ] Private Settlement Conference with Private Neutral
- [ ] Other (specify) _____

- [ ] Court-Ordered Nonbinding Arbitration
- [ ] Court-Ordered Binding Arbitration (Stipulated)
- [ ] Private Reference to General Referee
- [ ] Private Reference to Judge
- [ ] Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____               Date: _____

_____               _____
Name of Plaintiff                                               Name of Defendant

_____               _____
Signature                                                         Signature

_____               _____
Name of Plaintiff's Attorney                               Name of Defendant's Attorney

_____               _____
Signature                                                         Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed

**IT IS SO ORDERED.**

Dated  12/23/2009

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page 1

3

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2009-00104381-CU-BT-CTL        CASE TITLE: Crawford vs. Rea

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DOUGLAS J. CRAWFORD, SBN 202274<br>4368 NIAGARA AVE.<br>SAN DIEGO, CA 92107<br><br>TELEPHONE NO.: 619-876-9177   FAX NO.:<br>ATTORNEY FOR (Name): PLAINTIFF DOUGLAS J. CRAWFORD | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 W. BROADWAY
MAILING ADDRESS: 330 W. BROADWAY
CITY AND ZIP CODE: SAN DIEGO 92101
BRANCH NAME: HALL OF JUSTICE

CASE NAME:
CRAWFORD v. REA JR., VANDEN HEUVEL, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2009-00104381-CU-BT-CTL |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE<br><br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

  a. [✓] Large number of separately represented parties    d. [✓] Large number of witnesses
  b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/22/2009

DOUGLAS J. CRAWFORD
     (TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT "B"

1  Law Office of Douglas J. Crawford, SBN 202274
   4368 Niagara Ave.
2  San Diego, CA 92107-2926
   (619) 876-9177 Tel.
3  Attorney Pro Per

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2010 JAN 11  P 1:43

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

4

5

6

7

8

9

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

10

11                                          ) CASE NO. 37-2009-00104381-CU-BT-CTL
   DOUGLAS J. CRAWFORD,                      )
12                                          )
              PLAINTIFF (S),                 )  FIRST AMENDED COMPLAINT
13                                          )  FOR DAMAGES, RESTITUTION
   v.                                        )  AND INJUNCTIVE RELIEF
14                                          )
   WILLIAM J. REA JR., TIMOTHY J.            )
15 VANDEN HEUVEL, KNOX                       )
   ATTORNEY SERVICE, CARY R.                 )
16 BOND, R. GAYLORD SMITH                    )
   DIDIER F. JANTZ, JAMES SPEIDEL            )
17 KEARNY MESA TOWING, CARY                  )
   CHELDIN, J, JOHN DI NAPOLI,               )
18 CHANCE WHITMAN, CRUSADER                  )  Jury Trial Requested
   INSURANCE, KEARNY MESA                    )
19 TOWING, INC., ERIC THOMAS,                )
   GARTH WARD,                               )
20 ROBERT G. BERNSTEIN, LISA W.              )
   COONEY, JANELLE F. GARCHIE                )
21 PETER L. GARCHIE, JILL                    )
   GRATHWOHL, CHARLES S.                     )
22 HAUGHEY JR., DOUGLAS W.                    )
   LEWIS, CRAIG T. MANN, GARRY               )
23 MC CARTHY, JEFFREY A. MILLER              )
   MARILYN R. MORIATY, RUSSELL               )
24 M. MORTYN, ANTHONY R. MOYA                )
   BRIAN A. RAWERS, LISA L.                  )
25 RICKSECKER, ERNEST SLOME                  )
   STEPHEN SMITH, RUBEN                      )
26 TARANGO, NANCY VAUGHAN,                   )
   JAMES J, WALLACE II, TIMOTHY              )
27 WALSON, WILLIAM ARCHER                    )
   LANE J. ASHLEY, SANFORD                   )
28 ASTOR, JOHN L. BARBER,                    )

1

| | |
|---|---|
| 1 | RAYMOND R. BARRERA, DANIEL G. BATH, LEO A. BAUTISTA, |
| 2 | PAUL J. BECK, BARTLEY L. BECKER, WESLEY G. BEVERLIN, |
| 3 | CHRISTOPHER R. BISGAARD, BRUCE S. BOLGER, ROY M. |
| 4 | BRISBOIS, GORDON J. CALHOUN, JOSEPH C. CAMPO, FRANK |
| 5 | CANNIZZARO, RAND D. CARSTENS, ERIC CASTRO, |
| 6 | CAROLINE E. CHAN, JASON R. CHERMELA, JEFFREY J. |
| 7 | CHRISTOVICH, TRACY WEI COSTANTINO, DANIEL C. |
| 8 | DE CARLO, MICHAEL A. DEMBICER, JULIE M. DE ROSE, |
| 9 | ROBERT L. DE STEFANO, KHUONG T. DO, CRAIG DUNKIN |
| 10 | KEVIN L. ENG, ERIC J. ERICKSON DANIEL C. FAUSTINO, KENNETH |
| 11 | C. FELDMAN, MITCHELL L. FENTON, MANUAL FLORES, |
| 12 | DAWN M. FLORES-OSTER, PATRICK J. FOLEY, DONALD G. |
| 13 | FORGEY, DANA A. FOX, JAMES D. FRASER, NINA D. FROESCHLE, |
| 14 | JERRY GARCIA, STEVEN G. GATLEY, JUDD A. GILEFSY, AMY |
| 15 | L. GOLDMAN, SARAH K. GOLDSTEIN, JOHN A. GRANIEZ, |
| 16 | TIMOTHY R. GRAVES, VICKI GRECO, CHRISTOPHER J. |
| 17 | GREENLEAF, PAULA C. GREENSPAN, LAWRENCE N. |
| 18 | HALPERIN, MINA I. HAMILTON HELLAR-ANN HANCOCK, |
| 19 | JORDAN E. HARRIMAN, JAMES P. HART, RYAN D. HARVEY, KRISTI |
| 20 | K. HEDRICK, JOSEPH K. HEGEDUS CHRISTINE M. HENRICKS, |
| 21 | STEPHEN K. HIURA, JON E. HOKANSON, DANIEL V. HYDE |
| 22 | LAURA E. INLOW, DOUGLAS R. IRVINE, PAUL A. JOHNSON, |
| 23 | RAIMO H. KAASIK, BARRY G. KAIMAN, JON P. KARDASSIAKIS |
| 24 | DENNIS KASPER, AREZOU KHONSARI, THOMAS S. KIDDE, |
| 25 | CATHERINE B. KIM, LYNDA J. KIM, ERIC KIZIRIAN, ELISE D. |
| 26 | KLEIN, STEPHEN V. KOVARIK, BRAD D. KRASNOFF, GERALD A. |
| 27 | LAFOND JR., JAY B. LAKE, LINDA M. LASLEY, ALISHA M. |
| 28 | LEE, SCOTT LEE, ROBERT F. |

2

| | |
|---|---|
| 1 | LEWIS, STEVEN R. LEWIS, SCOTT LICHTIG, DAVID E. LONG ) |
| 2 | KARL R. LOUREIRO, MARY C. LOUREIRO, JANA I. LUBERT, ) |
| 3 | GREGORY G. LYNCH, CHRISTINA M. MAC NEIL, MICHAEL B. ) |
| 4 | MAGLOFF, DAVID N. MAKOUS DICK MARSH, MIKE MARTINEZ ) |
| 5 | RAUL L. MARTINEZ, MALISSA H. MC KEITH, MICHAEL A. MC LAIN, ) |
| 6 | KRISTIN E. MEREDITH, STEVEN E. MEYER, MEEGAN MOLONEY, ) |
| 7 | MARINA M. MORRISON, MICHAEL MOSS, CELIA MOULES-LEE, ) |
| 8 | BEVERLY M. MULLIGAN SANCHEZ, GEORGE E. NOWOTNY, ) |
| 9 | MARK A. OERTEL, MELISSA T. OMANSKY, JOSEPH C. OWENS, ) |
| 10 | MATTHEW S. PASCALE, JEFFREY S. RANEN, HOWARD G. RATH JR., ) |
| 11 | GARY S. RATTET, DAVID E. REYNOLDS, THOMAS ) |
| 12 | RITTENBURG, MICHAEL S. ROBINSON, DONNA M. SAN ) |
| 13 | AGUSTIN, VICTOR W. SANTOCHI, LAURENCE H. SCHNABEL, ) |
| 14 | JASON SCUPINE, LANCE SELFRIDGE, DAVID B. SHAPIRO, ) |
| 15 | ALEXANDER SHIPMAN, DEBORAH F. SIRIAS, ROBERT L. ) |
| 16 | SLAUGHTER III, HOWARD A. SLAVIN, SHELDON H. ) |
| 17 | SLOAN, SUSAN L. SNIPES, GARY SPITZER, STACY C. SPODICK, ) |
| 18 | LINDA STAR, PATRICK J. STARK, SHEILA J. STARVISH, ) |
| 19 | WILLIAM C. STEFFIN, JUDITH J. STEFFY, KAREN D. TANG ) |
| 20 | MILLIGAN, JUDITH M. TISHKOFF, IVAN L. TJOE, ROLAND J. TONG, ) |
| 21 | STACI L. TRANG, STEPHEN TURNER, KATHRYN A. TYLER, ) |
| 22 | COURTNEY E. VAUDREUIL, JAMIE L. VEIS, JULIE VELTKAMP, ) |
| 23 | RAQUAL VIDAL, KATHLEEN M. WALKER, KENNETH WATNICK, ) |
| 24 | ROY G. WEATHERUP, JOHN J. WEBER, REBECCA R. WEINREICH, ) |
| 25 | MARY G. WHITAKER, MICHAEL WILK, TIMOTHY R. WINDHAM, ) |
| 26 | LORI WITT, RICHARD B. WOLF, CARY L. WOOD, ROBERT A. ) |
| 27 | WOOTEN JR., BETH YOFFIE, JUDITH A. ZIPKIN, BARRY ) |
| 28 | ZOLLER, ALAN ZUCKERMAN, ) |

3

| | |
|---|---|
| 1   DANIEL ZWIRN, LEWIS BRISBOIS BISGAARD, SMITH, LLP., LAW | ) |
| 2   OFFICE OF CARY R. BOND, LLP, RONALD S. PRAGER, | ) |
| 3   and DOES 1 through 4999, | ) |
| 4           DEFENDANT (S); | ) |
| 5   v. | ) |
| 6   UNITED STATES POSTAL SERVICE, JOHN E. POTTER, | ) |
| 7   and ROES 1 through 25, | ) |
| 8       REAL PARTY IN INTEREST. | ) |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Prefatory Statement

The execution-style murder of Attorney Jeffrey Tidus outside his home on December 10, 2009 was the most recent reminder of the real world dangers that attorneys face everyday. Whether the threat is from disgruntled litigants, opposing counsel, former clients, current clients or the like, a conscious and diligent attorney must take extraordinary precautions to protect themselves and their families from all threats, real or perceived.

Attorney Tidus specialized in the unethical conduct of attorneys, focusing in on attorney's fraudulent billing practices. He was well-versed in the fraudulent billing practices witnessing first-hand those fraudulent billing practices of his former employer, Lewis, D'Amato, Bisgaard & Smith (currently named Lewis, Brisbois, Bisgaard & Smith). Jeffrey Tidus dropped his guard and he was rewarded with a bullet to the back of the head presented to him at his private residence.

Plaintiff is all too well versed in the unethical and illegal business practices of Lewis D'Amato having litigating numerous cases against them over the years. <u>BMW v. Berge Matossian</u>, (2001) 01 CV 0770 (LAB) was a typical Lewis D'Amato unethical shakedown lawsuit, suing Mr. Matossian for having a clock hanging in the back of his used car showroom (Ferrari, Maserati, Lamborghini, Mercedes and the occasional BMW) with a small BMW logo on it and claiming "customer confusion". Rather than simply asking him to remove it, Leo A. Bautista, of Lewis  D'Amato, filed suit in U.S. District Court to extract a tax out of Mr. Matossian. Then Magistrate Larry A. Burns not only called the lawsuit totally frivolous and a complete waste of judicial resources, he was tempted to report Lewis D'Amato to the State Bar. Lewis D'Amato, now called, Lewis Brisbois continue to make the Trevor Law Group look like the patron saint of legal integrity.

In an underlying case, the son of a former U.S. District Court Judge, William John Rea Jr. of Lewis Brisbois has submitted fraudulent billing records as evidence in support of their request for Cal. Code of Civ. Proc. § 425.16 (anti-SLAPP) attorney fees. For example, Mr. Rea Jr. seeks compensation for: (1) reviewing and drafting a response to a complaint to California's Insurance Commissioner, Steve Poizner; (2) writing a four page settlement offer on behalf of

5

1    the non-SLAPP party, Defendant Kearny Mesa Towing; (3) discussing discovery issues over

2    the non-SLAPP party, etc. ad nausem.    None of Mr. Rea Jr.'s foregoing requests for

3    compensation are remotely allowable under California law.

4        It has been Plaintiff's continued experience that attorneys at Lewis D'Amato/Lewis

5    Brisbois will resort to *any means* possible to win, unethical or illegal, including shooting a

6    bullet into the back of an opposing counsel's head, if necessary.  Based on Plaintiff's prior and

7    current experiences with Lewis Brisbois, Plaintiff made one simple request to Defendant Tim

8    Vanden Heuvel, a partner in the law firm of Lewis Brisbois Bisgaard & Smith, LLP:

9        DO NOT PLACE ANY ITEMS IN PLAINTIFF'S U.S. MAILBOX

10       Not only is it a federal crime, but it also causes Plaintiff extreme distress because each

11   item must be first treated a potential incendiary device and then as a potential lethal biohazard.

12   Plaintiff's simple request was immediately followed with more suspicious packages being

13   placed  in  Plaintiff's  mailbox  by  Def.  Vanden  Heuvel  and/or  Lewis  Brisbois

14   employees/attorneys.

15       Criminal sociopaths and the buffet-style attorneys of Lewis Brisbois are virtually

16   indistinguishable because each knows the difference between right and wrong, legal and illegal,

17   but each consciously chooses to ignore the law to satisfy their needs.  Contained only within

18   the deep recesses of their mind does a criminal or Lewis Brisbois attorney know which laws

19   on any given day they will choose to abide by and which laws they will completely disregard

20   much to the detriment and harm of the public.  The buffet-style attorneys at Lewis Brisbois

21   only distinguish themselves from the criminal sociopath by cloaking themselves as officers of

22   the Court of Law to conceal their criminal tendencies.  Whether malum in se or malum

23   prohibitum[1] a crime has been committed and someone has been or will be victimized.

24   ///

25   ———————————————

26       [1]DUI or violating Cal. Vehicle Code § 23152 (a) or (b) is a malum prohibitum law that clearly

27   has deadly consequences when violated.  Is today the day that an attorney from Lewis Brisbois

28   unilaterally decides he or she is not too drunk to drive or run a stop sign?  Only the attorneys at Lewis

     Brisbois are privy to which laws they will abide by at any given time.

1    Their hypocrisy in swearing to uphold all the laws of the United States and utilizing the

2    sanctity of being an officer of the Court as a shield to knowingly and intentionally committing

3    crimes is utterly disgraceful. Plaintiff will not be victimized, nor terrorized anymore, nor cower

4    to their repeated threats of further criminal acts.

5    In filing this lawsuit, Plaintiff only seeks to injunct Defendants from further violating 18

6    U.S.C. § 1701, 1725 et. al..   Plaintiff has made numerous and repeated requests for the

7    defendants to cease and desist in placing suspicious, unstamped, mailable matter in his clearly

8    designated U.S. Postal mail space.   More importantly, Plaintiff has repeated informed the

9    defendants that there are reasonable, legal alternatives such as placing the objects underneath

10   the security fence, placing the objects between the slates in the security fence, placing the

11   objects on top of the security fence, ringing the doorbell, knock on the fence, calling Plaintiff

12   on the phone and asking where to put the objects, etc.. Each request has been responded with

13   scorn, ridicule and further acts of criminal conduct.

14   ///

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1  PLAINTIFF DOUGLAS J. CRAWFORD alleges, as follows:

2  **PARTIES**

3  1.    Plaintiff  Douglas J. Crawford ("Plaintiff") is, and at all times mentioned in this

4        complaint, an individual with residency in San Diego, California.

5  2.    Plaintiff is informed and believes, and on such basis alleges that all the named

6        individual Defendants are, and all times mentioned in this complaint, residents of

7        California.

8  3.    Plaintiff is are informed and believes, and on such basis alleges that Defendants Kearny

9        Mesa Towing, Inc., Crusader Insurance, Lewis Brisbois Bisgaard and Smith, LLP, Knox

10       Attorney Service, Law Office of Cary R. Bond is, and at all times mentioned in this

11       complaint, are business entities doing business in the State of California.

12 4.    Plaintiff does not know the true names of Defendant DOES 1 through 4999, inclusive,

13       and therefore sues them by those fictitious names.   Plaintiff(s) will amend this

14       Complaint to allege their true names and capacities when ascertained.  Plaintiff is

15       informed and believes and thereon alleges that each of the fictitiously named

16       Defendants are responsible in some manner for each act or omission herein alleged.

17 5.    Venue is proper in San Diego County because the acts and/or omissions that give rise

18       to this complaint occurred in  San Diego County, zip code 92107.

19 **FIRST CAUSE OF ACTION**

20 (Business & Professions Code § 17200; Plaintiff v. ALL Defendants EXCEPT Ronald S.

21 Prager - "Unlawful" Business Act violating 18 U.S.C. § 1701 & 1725; Domestic Mail Manual

22 Section 508.3.0 et. al; U.S. Postal Service v. Council of Greenburgh Civic Assns, (1981) 453

23 U.S. 184); Cal. Penal Code §§ 240 (assault), 415 (3) (words to incite violence); 646.9

24 (stalking); 647 c (restriction of Movement).

25 6.    Plaintiff incorporates by reference and re-alleges each allegation set forth above as

26       though set forth at length herein.

27 7.    Plaintiff brings forth this cause of action on behalf of himself, the United States Postal

28       Service, John E. Potter, Postmaster General and on behalf of, and for the benefit of the

8

1    general public.

2   *Violations of 18 U.S.C. § 1701 & 1725; DMM § 508.3.0*

3   8.   On or about June 25, 2009, Defendant Timothy J. Vanden Heuvel ("Def. Vanden
4        Heuvel") placed legal documents in Plaintiff's U.S. Postal letterbox located at 4368
5        Niagara Ave., San Diego, CA 92107.

6   9.   In placing aforementioned documents in Plaintiff's mailbox on June 25, 2009, Def.
7        Vanden Heuvel was acting on behalf of, in furtherance for and as the legal agent and
8        attorney for Defendants Crusader Insurance, Kearny Mesa Towing, Eric Thomas, J.
9        John DiNapoli, Cary Cheldin, Chance Whitman and Does 10 through 20.

10  10.  Moreover, when Def. Vanden Heuvel was illegally placing legal documents in
11       Plaintiff's mailbox on June 25, 2009, he did so in furtherance of his employment at and
12       while acting as a partner of Defendant's Lewis, Brisbois, Bisgaard & Smith ("Def.
13       Lewis Brisbois")

14  11.  Moreover, Plaintiff is informed and believes and on such basis alleges that Defendant
15       Lewis Brisbois is business enterprise formed as a partnership wherein each and every
16       partner is liable for the acts and malfeasances of each and every other partner.

17  12.  Def. Vanden Heuvel's placement of documents in Plaintiff's mailbox hindered and
18       obstructed the U.S. Postal service from delivering mail to Plaintiff's letterbox in
19       violation of 18. U.S.C. § 1701.

20  13.  On or about June 25, 2009, Plaintiff telephoned Def. Vanden Heuvel and respectfully
21       requested that he not place any items in Plaintiff's mailbox, especially given the fact
22       that: (1) it is a federal crime to place anything other than outgoing stamped, mailable
23       into a U.S. Postal designated letterbox , as clearly enunciated in U.S. Postal Service v.
24       Council of Greenburgh Civic Assns, (1981) 453 U.S. 184); (2) he is an attorney sworn
25       to uphold all the laws, and; (3) those are legal documents.  Plaintiff informed Def.
26       Vanden Heuvel that if he wanted to serve legal documents on Plaintiff all he had to do
27       was knock, ring the doorbell, or call Plaintiff or slide them under the security fence.

28  14.  In direct defiance of Plaintiff's simple request, on or about July 10, 2009, Def. Vanden

9

Heuval placed a sealed envelope in Plaintiff's mailbox sans postage.

15.   Again, in placing aforementioned sealed envelope in Plaintiff's mailbox on July 10, 2009, Def. Vanden Heuvel was acting on behalf of, in furtherance for and as the legal agent and attorney for Defendants Crusader Insurance, Kearny Mesa Towing, James Speidel, Eric Thomas, J. John DiNapoli, Cary Cheldin, Chance Whitman and Does 10 through 20.

16.   Moreover, when Def. Vanden Heuvel was illegally placing legal documents in Plaintiff's mailbox on July 10, 2009, he did so in furtherance of his employment at and while acting as a partner of Def. Lewis Brisbois.

17.   Def. Vanden Heuvel's placement of the unstamped envelope in Plaintiff's mailbox hindered and obstructed the U.S. Postal service from delivering mail to Plaintiff's letterbox in violation of 18. U.S.C. §§ 1701 & 1725.

18.   On or about July 13, 2009, Plaintiff mailed Def. Vanden Heuvel a correspondence, dated the same, carefully explaining to Def. Vanden Heuvel that placing the envelope in Plaintiff's mailbox was a federal crime, that the illegal conduct placed Plaintiff in fear for his life and the lives of his family and simply asked Def. Vanden Heuvel to cease and desist.

19.   In response to Plaintiff's correspondence, on or about July 27, 2009, Def. Vanden Heuval placed a folded, suspicious envelope in Plaintiff's mailbox obscuring the origin, sender and contents of the suspicious package.

20.   In placing aforementioned suspicious package in Plaintiff's mailbox on July 27, 2009, Def. Vanden Heuvel was acting on behalf of, in furtherance for and as the legal agent and attorney for Defendants Crusader Insurance, Kearny Mesa Towing, James Speidel, Eric Thomas, J. John DiNapoli, Cary Cheldin, Chance Whitman and Does 10 through 20.

21.   Moreover, when Def. Vanden Heuvel was placing the suspicious package in Plaintiff's mailbox on July 27, 2009, he did so in furtherance of his employment at and while acting as a partner of Def. Lewis Brisbois.

10

22. Def. Vanden Heuvel's placement of the unstamped envelope in Plaintiff's mailbox hindered and obstructed the U.S. Postal service from delivering mail to Plaintiff's letterbox in violation of 18. U.S.C. §§ 1701 & 1725.

23. On or about July 28, 2009, Def. Vanden Heuval placed another folded, suspicious envelope in Plaintiff's mailbox obscuring the origin, sender and contents of the suspicious package.

24. In placing aforementioned suspicious package in Plaintiff's mailbox on July 28, 2009, Def. Vanden Heuvel was acting on behalf of, in furtherance for and as the legal agent and attorney for Defendants Crusader Insurance, Kearny Mesa Towing, Eric Thomas, J. John DiNapoli, Cary Cheldin, Chance Whitman and Does 10 through 20.

25. Moreover, when Def. Vanden Heuvel was placing the suspicious package in Plaintiff's mailbox on July 28, 2009, he did so in furtherance of his employment at and while acting as a partner of Def. Lewis Brisbois.

26. Def. Vanden Heuvel's placement of the unstamped envelopes and/or other suspicious objects in Plaintiff's mailbox on July 27, 2009 and July 28, 2009 hindered and obstructed the U.S. Postal service from delivering mail to Plaintiff's letterbox in violation of 18. U.S.C. §§ 1701 & 1725.

27. On or about July 28, 2009, Plaintiff mailed yet another correspondence to Def. Vanden Heuvel reiterating the criminality of his actions and the fear that his illegal conduct was generating.

28. At all times Plaintiff has repeatedly tried to settle the underlying legal dispute to avoid further contact with Def. Vanden Heuvel and/or other partners at Def. Lewis Brisbois and, thereby, avoid the suspicious packages that Def. Lewis Brisbois have been placing in Plaintiff's U.S. designated mail space.

29. Unfortunately, no one at Def. Lewis Brisbois wants to stop riding the Crusader Insurance company gravy train leaving Plaintiff with no other viable option to stop Def. Vanden Heuvel from further terrorizing Plaintiff and his family with his illegal conduct.

///

11

1  *Violation of Cal. Penal Code §§ 240 (Assault), 415 (3) (Words to Incite Violence); 646.9*

2  *(Stalking); 647 c (Restriction of Movement)*

3  30.   On September 2, 2009, at the Hall of Justice located at 330 W. Broadway, San Diego,

4        CA, 92101, an ex parte hearing was held in Department 68, the Honorable Judith F.

5        Hayes presiding for Superior Court Case No. 37-2009-93815-CU-PO-CTL.

6  31.   Prior to the hearing, Plaintiff and Def. Vanden Heuvel exchanged several unpleasant

7        words which ended with Def. Vanden Heuvel calling Plaintiff a "worm" and Plaintiff

8        informing Def. Vanden Heuvel that name calling was rather childish, an exchange that

9        many other attorneys in the Courtroom heard.

10 32.   After the ex parte hearing, Plaintiff walked out of the Courtroom to find Def. Vanden

11       Heuvel sitting on the bench outside Department 68 waiting for Plaintiff.  Def. Vanden

12       Heuvel stood up and began a verbal assault of obscenities with the obvious intent of

13       violence against Plaintiff.

14 33.   Fearing for his safety, Plaintiff ran to the elevator to escape from Def. Vanden Heuvel's

15       verbal barrage of obscenities and threats of harm.  Thankfully, there was another

16       individual present to witness Def. Vanden Heuvel's bizarre behavior.

17 34.   As Plaintiff got onto the elevator, Def. Vanden Heuvel also boarded the elevator.  Just

18       as the door of the elevator was about to close, Plaintiff jumped off, and in turn so did

19       Def. Vanden Heuvel.

20 35.   Plaintiff informed Def. Vanden Heuvel that he did not want to ride the elevator down

21       with him given his highly agitated and apparently violent state of being.

22 36.   Plaintiff again boarded the elevator and it seemed as though Def. Vanden Heuvel would

23       take the next elevator, however at the last moment before the doors closed Def. Vanden

24       Heuvel jumped on the elevator and again Plaintiff jumped off the elevator, as did Def.

25       Vanden Heuvel.

26 37.   Again, fearing for his personal safety, Plaintiff ran into the bathroom and locked himself

27       in a bathroom stall to seek refuge from a deranged Def. Vanden Heuvel.

28 38.   After a significant period of time, Plaintiff exited the bathroom and found that Def.

1    Vanden Heuvel had, apparently, left.

2    39.    However, when Plaintiff reached the first floor of the Hall of Justice, Def. Vanden
3           Heuvel was waiting for Plaintiff and began his assault again on Plaintiff.

4    40.    Again, fearing for his personal safety, Plaintiff ran from Def. Vanden Heuvel down the
5           street and into the Courthouse at 220 W. Broadway.

6    41.    As a direct result of Def. Vanden Heuvel's illegal and bizarre conduct, to date, Plaintiff
7           has not attended any Court hearing without the protection of an escort.

8    42.    Def. Vanden Heuvel's verbal assault on Plaintiff was in violation of Penal Code § 415
9           (3).

10   43.    Def. Vanden Heuvel's insistence on riding down the elevator with and trailing after
11          Plaintiff, as described above, was in violation of Penal Code §§ 646.9 & 647 c.

12   44.    Overall, Def. Vanden Heuvel's bizarre demeanor and threatening manner towards
13          Plaintiff was in violation of Penal Code § 240.

14   45.    On September 2, 2009, Def. Vanden Heuvel was acting on behalf of, in furtherance for
15          and as the legal agent and attorney for Defendants Crusader Insurance, Kearny Mesa
16          Towing, James Spedel, Eric Thomas, J. John DiNapoli, Cary Cheldin, Chance Whitman
17          and Does 10 through 20.

18   46.    Moreover, on September 2, 2009, Def. Vanden Heuvel was acting in furtherance of his
19          employment at, and while acting as a partner of, Def. Lewis Brisbois.

20   *Violations of 18 U.S.C. § 1701 & 1725; DMM § 508.3.0*

21   47.    On or about November 10, 2009, under the cover of darkness, Defendant Cary R. Bond
22          ("Def. Bond") placed a suspicious, unstamped envelope in Plaintiff's U.S. designated
23          mail space.

24   48.    On November 10, 2009, Def. Bond was acting on behalf of, as the legal agent and
25          attorney for Defendant Didier F. Jantz, Defendant Law Office of Cary R. Bond and
26          Does 21-25.

27   49.    Plaintiff is informed and believes and on such basis alleges that Def. Bond and Def.
28          Vanden Heuvel have been communicating extensively together about their respective

13

1    cases involving Plaintiff and have been exchanging legal documents in furtherance of

2    their respective clients.

3   50.   More importantly, Plaintiff is informed and believes and on such basis alleges that Def.

4    Bond knew that placing the suspicious envelope in Plaintiff's U.S. Postal Service

5    designated mail space would cause Plaintiff to endure severe mental anguish and

6    distress from his numerous communications with Def. Vanden Heuvel and placed the

7    envelope in the mailbox with the specific intent to harm Plaintiff and at the direction

8    and suggestion of Def. Vanden Heuvel.

9   51.   Def. Bond stated in Court, on the record, on November 12, 2009 that he was in

10    communication with Def. Vanden Heuvel about Plaintiff's conduct in other cases and

11    sought additional time to place such evidence before the Court.

12   52.   Def. Bond's placement of the unstamped, suspicious envelope in Plaintiff's mailbox

13    hindered and obstructed the U.S. Postal service from delivering mail to Plaintiff's

14    letterbox in violation of 18. U.S.C. §§ 1701 & 1725.

15   53.   On December 7, 2009, Plaintiff mailed a correspondence to Def. Bond, dated the same,

16    clearly and specifically detailing the harm caused by placing a suspicious envelope in

17    Plaintiff's U.S. Postal Service designated mail space, providing Def. Bond with a list

18    of numerous other legal options to serve documents on Plaintiff and specifically

19    detailing the legal action that would ensure if he and/or agents did not cease and desist.

20   54.   In response, Plaintiff is informed and believes and on such basis alleges that on or about

21    December 15, 2009 Def. Bond retained the services of Knox Attorney Services to serve

22    a legal document on Plaintiff.

23   55.   On December 15, 2009, Doe Defendant #1 from Knox Attorney Service, placed a

24    suspicious, unstamped letter in Plaintiff's U.S. Postal Service designated mail space.

25   56.   On December 15, 2009, when Doe Defendant #1 was placing the unstamped, suspicious

26    letter in Plaintiff's U.S. Postal Service mail space, Plaintiff is informed and believes and

27    on such basis alleges that Doe Defendant # 1 was employed by Knox Attorney Service

28    and was acting in furtherance of their employment with Knox Attorney Service.

14

57. Moreover, on December 15, 2009, Doe Defendant # 1 was acting on behalf of, as an agent for and furthering the legal interests of Def. Bond, Def. Law Office of Cary R. Bond and Def. Didier F. Jantz.

58. Def. Doe Defendant #1's December 15, 2009 placement of the unstamped envelope in Plaintiff's mailbox hindered and obstructed the U.S. Postal service from delivering mail to Plaintiff's letterbox in violation of 18. U.S.C. §§ 1701 & 1725.

59. All of the foregoing defendants actions have caused Plaintiff harm and Plaintiff seeks to restore himself to the position he occupied before the harm was caused by the aforementioned defendants.

60. Moreover, all of the foregoing actions (with the exception of Def. Vanden Heuvel's Hall of Justice incite to violence against Plaintiff, obstructing Plaintiff's passage, etc.) have cause harm to the United States Postal Service by: (1) obstructing their ability to deliver mail to Plaintiff's U.S. Postal Service designated mail space; (2) decrease in U.S. Postal Service revenues by failing to pay the appropriate postage on mailable matter; (3) usurping the duties and obligations of United States Postal Service employee by delivering mailable matter without the proper qualifications; (4) circumventing the protections in place by the United States Postal Service, such as the ability to detect harmful and illegal substances (gunpowder, explosive materials, anthrax, ricin, botulism, etc.) that are afforded every U.S. citizen that receives mailable matter; (5) circumventing the laws that make it illegal to send harmful and illegal substances through the mail and to an individual's U.S. Postal Service designated mail space; (6) circumventing the protections afforded to each and every U.S. Postal Service employee by placing suspicious packages in a U.S. Postal Service designated mail space.

61. In addition, the defendants actions, as described above, have harmed the general public by circumventing the laws of California with regard to proper service of legal documents, as codified in Cal. Code of Civ. Proc. §§ 1010.6 through 1020.

62. Plaintiff has suffered loss of property and money because of Defendants illegal acts.

///

15

<u>Plaintiff's Prayer for Relief to the First Cause of Action</u>

63.     (i)  Restitution to plaintiff for his loss of property and money; (ii) preliminary and permanent injunctive relief against all defendants restraining them from placing any objects, correspondences, letters, envelopes, packages, and generally anything of atomic particle size and  larger in Plaintiff's U.S. Postal Service designated mail space[2]; (iii) preliminary and permanent injunction restraining Def. Vanden Heuvel and Def. Bond to maintain a minimum of 200 yards away from Plaintiff's residence located at 4368 Niagara Ave., San Diego 92107; (iv) Def. Lewis Brisbois to assign another attorney to the underlying civil case, or in the alternative; (v) require Def. Vanden Heuvel to appear 20 minutes early to any Court appearance and remain 10 minutes after any Court appearance to ensure Plaintiff's safety; (vi) Def. Lewis Brisbois to inform and educate all of its employees, including but not limited to partners, associates, and non-attorney employees to NOT place *unstamped* letters, correspondences, packages in a residential U.S. Postal Service designated mail space including Plaintiff's letterbox; (vii) Def. Knox Attorney Service to inform and educate all of its employees, including but not limited to associates, and non-attorney employees to NOT place *unstamped* letters a residential U.S. Postal Service designated mail space, including Plaintiff's letterbox; (viii) remit to the U.S. Postal Service the proper amount of postage for each item illegally placed in Plaintiff's letterbox; (ix) admit guilt and pay the statutory fine amount to the U.S. Postal Service for each violation of 18 U.S.C. §§ 1701 & 1725 and; (ix) any other relief as the court shall designate and find so as to ensure that the laws of the United States and the regulations of the United States Postal Service are complied with by the aforementioned defendants.

## SECOND CAUSE OF ACTION

(42 U.S.C. § 1985; B & P § 17200 "unfair" & "unlawful" provision;

<u>Crawford v. Bond, Law Office of Cary R. Bond, Jantz and Does 30-40)</u>

---

[2]Real simple request that has been repeated over and over and over again: DO NOT PLACE ANYTHING IN PLAINTIFF'S MAILBOX

64. Plaintiff incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

65. On or about June 8, 2009, Def.s Bond & Law Office of Cary R. Bond ("Bond Law Office"), Jantz and Does 30-40 served on Plaintiff a Motion for Sanctions on behalf of Def. Jantz in Superior Court of California, County of San Diego, Case Number 37-2009-98058-CL-BC-CTL pursuant to Cal. Code of Civ. Proc. § 128.7.

66. The aforementioned motion was scheduled for a hearing on August 14, 2009 in Department 65, the Honorable Joan M. Lewis presiding.

67. At the time of service of the aforementioned Motion for Sanctions, on or about June 8, 2009, Def.s Bond, Bond Law Office, Jantz and Does 30-40 were seeking sanctions against Plaintiff for Plaintiff's submission of legal paperwork that already been filed, decided and completely disposed of by the Court on or about **May 15, 2009!**

68. Cal. Code of Civ. Proc. § 128.7 (c)(1) mandates a 21 day "safe harbor" period before filing in which the "challenged paper, claim, defense, contention, allegation, or denial" to allow the challenged paper to be corrected or withdrawn entirely.

69. In plain English, the motion for sanctions has to be served some period of time before the challenged paper is disposed of by the Court!

70. The "safe harbor" period is mandatory to satisfy Plaintiff's U.S. Constitutional Procedural Due Process rights of notice and opportunity to be heard.

71. However, at the time Def.s Bond, Bond Law Office acted on behalf of Def. Jantz and served this motion for sanctions on June 8, 2009, there was no paperwork to withdraw or correct!

72. Def.s Bond, Bond Law Office and Jantz's filing of an untimely motion for sanctions was "unfair" because it caused Plaintiff to respond, defend and appear in opposition to a completely untimely and meritless motion.

73. More importantly, Def.s Bond, Bond Law Office and Jantz's motion for sanctions was "unlawful" because it attempted to deprive Plaintiff of his U.S. Constitutional Procedural Due Process right to a 21 day "safe harbor" notice and correction period.

17

74. By attempting to deprive Plaintiff of a 21 day "safe harbor" period, moreover, Def.s Bond, Bond Law Office and Jantz's were conspiring to violate Plaintiff's lawful U.S. Constitutional Procedural Due Process Rights under 42 U.S.C. § 1985 (3).

75. Moreover, Plaintiff is informed and believes and on such basis alleges that Def.s Bond, Bond Law Office and Jantz by filing the untimely motion for sanctions Def.s Bond, Bond Law Office and Jantz were conspiring to punish Plaintiff's for his attendance and participation in the May 15, 2009 hearing in violation of 42 U.S.C. § 1985 (3).

76. Moreover, Plaintiff is informed and believes and on such basis alleges that Def.s Bond, Bond Law Office and Jantz by filed the untimely motion for sanctions for the purpose of generating legal fees for Def.s Bond and Bond Law Office and to punish and harm Plaintiff's for attendance at the May 15, 2009 hearing.

77. Def.s Bond, Bond Law Office and Jantz did harm Plaintiff by their filing of the untimely motion for sanctions against Plaintiff.

### Plaintiff's Prayer for Relief to the Second Cause of Action

78. (i) Restitution to Plaintiff for his loss of property and money; (ii) preliminary and permanent injunctive relief against Def.s Bond, Bond Law Office and Jantz restraining them from filing any motions for sanctions pursuant to Cal. Code of Civ. Proc. § 128.7 without prior Court approval.

### THIRD CAUSE OF ACTION

(42 U.S.C. § 1985; Crawford v. Prager, Bond, Bond Law Office, Jantz and Does 100-120)

79. Plaintiff incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

80. On or about September 16, 2009, Def.s Bond & Bond Law Office, Jantz and Does 100-120 served by mail on Plaintiff a Motion for Sanctions on behalf of Def. Jantz in Superior Court of California, County of San Diego, Case Number 37-2009-92967-CL-BC-CTL pursuant to Cal. Code of Civ. Proc. § 128.7.

81. The aforementioned motion was scheduled for a hearing on October 30, 2009 in Department 71, Superior Court Judge/Defendant Ronald S. Prager presiding.

18

82. October 21, 2009 was NOT a Court day under Cal. Code of Civ. Proc. § 1005 (b) because the Court was closed for budgetary reasons.

83. Moreover, October 12, 2009 was NOT a Court day under Cal. Code of Civ. Proc. § 1005 (b) because it was a Court holiday.

84. Cal. Code of Civ. Proc. § 1005 (b) mandates that all papers, unless otherwise ordered by the Court, must be filed at least 16 Court days before the hearing date.

85. Pursuant to Cal. Code of Civ. Proc. § 1005 (b), 16 Court days before the hearing date of October 30, 2009 is October 6, 2009.

86. Pursuant to Cal. Code of Civ. Proc. § 128.7, 21 calendar "safe harbor" days after September 16, 2009 is October 7, 2009.

87. The 21 day "safe harbor" period **before** the sanctions paperwork is filed is a mandatory jurisdictional prerequisite to satisfy U.S. Consitutional Procedural Due Process notice and opportunity to be heard requirements. Cromwell v. Cummings, (1998) 65 Cal. App. Supp 10, 15; Li v. Majestic Industry Hills, LLC, (2009) {slip opinion}.

88. The 21 day mandatory "safe harbor" period is a condition precedent for Def. Prager to have subject matter jurisdiction, or the power to issue sanctions against Plaintiff.

89. Counting days on a calendar is a ministerial act, not a judicial act.

90. No reasonable person of average intelligence would mis-count 21 days on a calendar.

91. At no time prior to the October 30, 2009 hearing date did Def. Prager shorten the 21 day "safe harbor" period.

92. At no time prior to the October 30, 2009 hearing date did Def. Prager shorten, change or alter Def. Bond, Def. Bond Law Office and Def. Jantz's October 6, 2009 filing date.

93. On November 16, 2009, under the color of Cal. Code of Civ. Proc. § 128.7, Def. Prager sanctioned Plaintiff in the amount of $4,650.00

#### Plaintiff's Prayer for Relief to the Third Cause of Action

94. (i) Restitution to Plaintiff for his loss of property and money by Def.s Prager, Bond, Bond Law Office and Jantz, if applicable (ii) preliminary and permanent injunctive relief against Def.s Bond, Bond Law Office and Jantz restraining them from filing any

19

1   motions for sanctions pursuant to Cal. Code of Civ. Proc. § 128.7 without prior Court

2   approval; (iii) declaratory and/or injunctive relief against Def. Prager precluding Def.

3   Prager from presiding over any cases in which Plaintiff is a party or an attorney of

4   record, if applicable; (iv) declaratory relief stating Def. Prager's November 16, 2009

5   orders null and void, if applicable; (v) any other relief, as deemed necessary by the

6   Court.

7   ### FOURTH CAUSE OF ACTION

8   (42 U.S.C. § 1985; Violation of U.S. Constitution, Article I, Section 10;

9   "after the filing date"; Crawford v. Prager and Does 121-129)

10  95.  Plaintiff incorporates by reference and re-alleges each allegation set forth above as

11  though set forth at length herein.

12  96.  Article I, Section 10 of the U.S. Constitution provides, in relevant part: "No State shall

13  enter into any Treaty, Alliance, or Confederation; ...pass any Bill of Attainder, ex post

14  facto Law, or Law impairing ... ."

15  97.  On or about November 16, 2009, Def. Prager legislatively created a new category of

16  individuals that could be subject to monetary sanctions to include those individuals

17  whose mandatory 21 day "safe harbor" period did not occur prior to the filing of the

18  motion for sanction, but would now include "safe harbor" days that occur "**after the**

19  **filing date**".

20  98.  On or about November 16, 2009, Def. Prager legislatively created a new category of

21  individuals that could be subject to monetary sanctions to include those individuals

22  whose mandatory 21 day "safe harbor" period now includes counting some untold

23  number of days **after** the sanctions motion paperwork has been filed with the Court.

24  99.  In creating an entire new category of individuals subject to monetary sanctions, Def.

25  Prager was acting in a legislative capacity, not a judicial capacity.

26  100.  In creating a new category of individuals subject to monetary sanctions, Def. Prager was

27  violating the Separation of Powers principle enunciated in the U.S. Constitution and

28  California Constitution.

20

101. In creating an entirely new category of individuals subject to monetary sanctions and, subsequently, implementing said category retroactively, Def. Prager legislatively created and judicially imposed an "ex post facto" law against Plaintiff in violation of Article I, Section 10 of the U.S. Constitution.

102. Moreover, on November 16, 2009, Def. Prager, acting under the color of his authority, deprived Plaintiff of his U.S. Constitutional Right to **prior** notice that his conduct, which clearly did not meet the statutory and mandatory 21 day "safe harbor" period requirements, would be subject to money sanctions nonetheless.

### Plaintiff's Prayer for Relief to the Fourth Cause of Action

103. (i) Restitution to Plaintiff for his loss of property and money by Def.s Prager, if applicable (ii) declaratory and/or injunctive relief against Def. Prager precluding Def. Prager from presiding over any cases in which Plaintiff is a party or an attorney of record, if applicable; (iii) declaratory relief stating Def. Prager's November 16, 2009 orders null and void, if applicable; (iv) any other relief, as deemed necessary by the Court.

### FIFTH CAUSE OF ACTION

(42 U.S.C. § 1985; Violation of U.S. Constitution, Article I, Section 10;

"consecutive days"; Crawford v. Prager and Does 130-139)

104. Plaintiff incorporates by reference and re-alleges each allegation set forth above as though set forth at length herein.

105. Article I, Section 10 of the U.S. Constitution provides, in relevant part: "No State shall enter into any Treaty, Alliance, or Confederation; ...pass any Bill of Attainder, ex post facto Law, or Law impairing ... ."

106. On or about November 16, 2009, Def. Prager legislatively created a new category of individuals that could be subject to monetary sanctions to include those individuals whose mandatory 21 day "safe harbor" period did not occur prior to the filing of the motion for sanction, but would now include "safe harbor" days that occur "**after the filing date**" and that those days would be counted "consecutively".

21

107.  On or about November 16, 2009, Def. Prager legislatively created a new category of individuals that could be subject to monetary sanctions to include those individuals whose mandatory 21 day "safe harbor" period now includes counting some untold number of days **after** the sanctions motion paperwork has been filed with the Court and that those days would either be counted "consecutively" or approved or disapproved according to Def. Prager.

108.  In creating an entire new category of individuals subject to monetary sanctions, Def. Prager was acting in a legislative capacity, not a judicial capacity.

109.  In creating a new category of individuals subject to monetary sanctions, Def. Prager was violating the Separation of Powers principle enunciated in the U.S. Constitution and California Constitution.

110.  In creating an entirely new category of individuals subject to monetary sanctions and, subsequently, implementing said category retroactively, Def. Prager legislatively created and judicially imposed an "ex post facto" law against Plaintiff in violation of Article I, Section 10 of the U.S. Constitution.

111.  On or about November 9, 2009, Plaintiff filed a Notice of Dismissal with the Court to comply with the now newly Prager-created *after filing* "safe harbor" days.

112.  On or about November 9, 2009, Def. Prager decided that November 9, 2009 was not an allowable "safe harbor" day after the motion paperwork was filed with the Court for Plaintiff to dismiss the complaint.

113.  Plaintiff is informed and believes and on such basis alleges that Def. Prager legislatively created a new category of individuals that could be subject to monetary sanctions to include those individuals whose mandatory 21 day "safe harbor" period would include days that occurred after the filing of the sanctions motion paperwork **and** that those additional days after the paperwork was filed would be counted " *immediately and consecutively.*" thereafter.

114.  No where in Cal. Code of Civ. Proc. § 128.7 (c)(1) is there any language that remotely suggests that the mandatory 21 day "safe harbor" period has to be a period of

22

1    consecutive days.

2    115.    Cal. Code of Civ. Proc. § 128.7 (c)(1) mandates that, **at a minimum**, an individual must

3    be given 21 days to correct or withdraw the challenged paperwork.  There is no

4    provision, language or legislative suggestion that those days have to be counted

5    consecutively, in row or could not even simply be counted as every Monday, Tuesday

6    and Wednesday for seven straight weeks, only that a minimum of 21 days after to be

7    given to the individual to correct or withdraw the challenged paperwork.

8    116.    Moreover, on November 16, 2009, Def. Prager, acting under the color of authority,

9    deprived Plaintiff of his U.S. Constitutional Right to **prior** notice that his conduct,

10    which clearly did not meet the statutory and mandatory 21 day "safe harbor" period

11    requirements, would be subject to money sanctions nonetheless.

12    117.    On November 16, 2009, Def. Prager, acting under color of authority, deprived Plaintiff

13    of his U.S. Constitutional Right to **prior** notice that the mandatory 21 "safe harbor"

14    days would include days **after** the filing of the sanctions motion paperwork **and** as to

15    which days would be considered "safe harbor" days would be decided unilaterally, ad

16    hoc and without notice by Def. Prager.

17    118.    Plaintiff is informed and believes and on such basis alleges that on November 16, 2009,

18    Def. Prager, acting under color of authority, deprived Plaintiff of his U.S. Constitutional

19    Right to **prior** notice that the mandatory 21 "safe harbor" days would include days **after**

20    the filing of the sanctions motion paperwork **and** that those "safe harbor" days would

21    be the days immediately following the filing of the sanctions motion paperwork and

22    would be counted consecutively.

23    Plaintiff's Prayer for Relief to the Fifth Cause of Action

24    119.    (i)  Restitution to Plaintiff for his loss of property and money by Def.s Prager, if

25    applicable (ii) declaratory and/or injunctive relief against Def. Prager precluding Def.

26    Prager from presiding over any cases in which Plaintiff is a party or an attorney of

27    record, if applicable; (iii) declaratory relief stating Def. Prager's November 16, 2009

28    orders null and void, if applicable; (iv) any other relief, as deemed necessary by the

23

1    Court.

## SIXTH CAUSE OF ACTION

3    (General Negligence; <u>Plaintiff v. All Defendants EXCEPT Ronald S. Prager</u>)

4    120.  Plaintiff incorporates by reference and re-alleges each allegation set forth above as

5         though set forth at length herein.

6    121.  As clearly set forth above, each and every defendant had a legal duty to exercise

7         ordinary and reasonable care when interacting with Plaintiff.

8    122.  As clearly set forth above, each and every defendant failed to exercise ordinary and

9         reasonable care when interacting with Plaintiff by engaging in illegal conduct that each

10        and every defendant knew, based on prior knowledge, would cause harm to Plaintiff.

11   123.  As clearly set forth above, each and every defendant committed the illegal acts, as stated

12        above, with the intention to cause Plaintiff severe emotional distress.

13   124.  Each and every defendant was successful, in that, the illegal and egregious acts that they

14        knowingly and willingly committed did, in fact, cause Plaintiff harm.

15   125.  Defendant's acts, as clearly set forth above, were the proximate cause and the cause in

16        fact of Plaintiff's injuries.

17        <u>Plaintiff's Prayer for relief as to the Sixth Cause of Action</u>

18   126.  Plaintiff requests (i) compensatory damages for the harm caused by all the defendants;

19        (ii) restitution to plaintiff for his loss of property and money; (iii) preliminary and

20        permanent injunctive relief against all defendants restraining them from placing any

21        objects, correspondences, letters, envelopes, packages, and generally anything of atomic

22        particle size or larger in Plaintiff's U.S. Postal Service designated mail space; (iv)

23        preliminary and permanent injunction restraining Def. Vanden Heuvel and Def. Bond

24        to maintain a minimum of 200 yards away from Plaintiff's residence located at 4368

25        Niagara Ave., San Diego 92107; (v) Def. Lewis Brisbois to assign another attorney to

26        the underlying civil case, or in the alternative; (vi) require Def. Vanden Heuvel to

27        appear 20 minutes early to any Court appearance and remain 10 minutes after any Court

28        appearance to ensure Plaintiff's safety; (vii) Def. Lewis Brisbois to inform and educate

1   all of its employees, including but not limited to partners, associates, and non-attorney
2   employees to NOT place **unstamped** letters, correspondences, packages in a residential
3   U.S. Postal Service designated mail space including Plaintiff's letterbox; (viii) Def.
4   Knox Attorney Service to inform and educate all of its employees, including but not
5   limited to associates, and non-attorney employees to NOT place **unstamped** letters a
6   residential U.S. Postal Service designated mail space, including Plaintiff's letterbox;
7   (ix) costs and fees in bringing this action or according to proof, and; (x) any other relief
8   as the court shall designate and find so as to ensure that the laws of the United States
9   are complied with by the aforementioned defendants.

10  WHEREFORE, Plaintiff prays for judgment against all Defendants, as follows:

11  1)   General and compensatory damages, in an amount according to proof;

12  2)   Special damages as according to proof;

13  3)   Punitive damages if warranted;

14  4)   Prejudgment interest as permitted by law;

15  5)   Attorneys fees, wherein provided for;

16  6)   For special damages according to proof;

17  7)   For costs of suit herein incurred;

18  8)   Complete and full restitution to Plaintiff

19  9)   Preliminary and permanent injunctive relief, as follows:

20      (i) against all defendants restraining them from placing any objects, correspondences,
21      letters, envelopes, packages, and generally anything of atomic particle size or larger
22      in Plaintiff's U.S. Postal Service designated mail space; (ii) preliminary and
23      permanent injunction restraining Def. Vanden Heuvel and Def. Bond to maintain a
24      minimum of 200 yards away from Plaintiff's residence located at 4368 Niagara Ave.,
25      San Diego 92107; (iii) Def. Lewis Brisbois to assign another attorney to the
26      underlying civil case, or in the alternative; (iv) require Def. Vanden Heuvel to appear
27      20 minutes early to any Court appearance and remain 10 minutes after any Court
28      appearance to ensure Plaintiff's safety; (v) Def. Lewis Brisbois to inform and educate

25

1   all of its employees, including but not limited to partners, associates, and non-

2   attorney employees to NOT place *unstamped* letters, correspondences, packages in

3   a residential U.S. Postal Service designated mail space including Plaintiff's letterbox;

4   (vi) Def. Knox Attorney Service to inform and educate all of its employees, including

5   but not limited to associates, and non-attorney employees to NOT place *unstamped*

6   letters a residential U.S. Postal Service designated mail space, including Plaintiff's

7   letterbox; (vii) costs and fees in bringing this action or according to proof, and; (viii)

8   any other relief as the court shall designate and find so as to ensure that the laws of

9   the United States are complied with by the aforementioned defendants; (ix)

10   restitution to Plaintiff for his loss of property and money by Def.s Prager, if

11   applicable;  (x) declaratory and/or injunctive relief against Def. Prager precluding

12   Def. Prager from presiding over any cases in which Plaintiff is a party or an attorney

13   of record, if applicable; (xi) declaratory relief stating Def. Prager's November 16,

14   2009 orders null and void, if applicable; (xii) any other relief, as deemed necessary

15   by the Court.

16   ///

17   Dated: January 11, 2010

18   Douglas J. Crawford,

19   Attorney for Plaintiff Pro Se

**VERIFICATION**

I, Douglas J. Crawford, am named as the Plaintiff in this proceeding.  I have read and/or been thoroughly explained the contents of the foregoing Complaint for Damages, Declaratory Relief and Injunctive Relief and understand their contents thereof.   The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 01/11/2010

Douglas J. Crawford, Plaintiff

27

1    *Douglas J. Crawford v. William J. Rea, et al.*
2    San Diego Superior Court Case No. 37-2009-00104381-CU-BT-CTL

FILED
JAN 27 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FAXED
10 cv 208 JM (CAB)

3                            **PROOF OF SERVICE**

4    STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

5           I am employed in the County of San Diego, State of California.  I am over the age of 18
     and not a party to the within action.  My business address is 550 West "C" Street, Suite 800, San
6    Diego, California 92101.

7           On January 27, 2010, I served the foregoing document(s) described as

8    1.    **DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) TO**
           **THE HONORABLE JUDGE OF THE SUPERIOR COURT**
9    2.    **DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) TO**
           **ADVERSE PARTY**
10   3.    **DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) TO**
           **CLERK OF THE DISTRICT COURT**

11   on all interested parties in this action by placing [X] a true copy  [ ] the original thereof enclosed
     in sealed envelopes addressed as follows:

12
     Douglas J. Crawford, Esq.
13   LAW OFFICES OF DOUGLAS J. CRAWFORD
     4368 Niagara Ave.
14   San Diego, CA 92107-2926
     Tel: 619-876-9177
15   dcrawfordlaw@cox.net
     Attorney for Pro Per
16

17   [X]   (BY MAIL, 1013a, 2015.5 C.C.P.)  I am readily familiar with the firm's practice for
           collection and processing correspondence for mailing.  Under that practice, this document
18         will be deposited with the U.S. Postal Service on this date with postage thereon fully
           prepaid at San Diego, California in the ordinary course of business.  I am aware that on
19         motion of the party served, service is presumed invalid if postal cancellation date or
           postage meter date is more than one day after date of deposit for mailing in affidavit.

20   []    (BY ELECTRONIC MAIL)  By transmitting via e-mail the listed documents above on this
           date before 5:00 p.m.
21

22   [X]   (STATE)  I declare under penalty of perjury under the laws of the State of California that
           the above is true and correct and this document was printed on recycled paper.

23         Executed on January 27, 2010, at San Diego, California.

24                                                    _____
25                                                    Loreen Pekny

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4813-5586-0997.1

                                  PROOF OF SERVICE

ORIGINAL

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FAXED**

## I. (a) PLAINTIFFS
Douglas J. Crawford

## DEFENDANTS
William J. Rea, Jr., et al.

**FILED**

JAN 27 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Douglas J. Crawford
LAW OFFICES OF DOUGLAS J. CRAWFORD
4368 Niagara Ave
San Diego, CA   92107-2926
619-876-9177

ATTORNEYS (IF KNOWN)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
221 North Figueroa St., Ste. 1200
Los Angeles, CA   90012

213-250-1800   10CV 208 JM (CAB)

ORIGINAL

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties In Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. section 1441.  Filing for removal based upon federal question.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL INJURY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [X] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] YES   [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
JUDGE Jay M. Bloom   Docket Number 37-2009-00104381-CU-BT-CTL

DATE
January 27, 2010

SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

9584 #50 — ID 01-28-10

CR

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS009584
Cashier ID: mbain
Transaction Date: 01/28/2010
Payer Name: SAN DIEGO LEGAL SUPPORT SVCS
----------------------------------
CIVIL FILING FEE
 For: SAN DIEGO LEGAL SUPPORT SVCS
 Case/Party: D-CAS-3-10-CV-000208-001
 Amount:       $350.00
----------------------------------
CHECK
 Check/Money Order Num: 86214
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.